WILLIAM COVINGTON, PLAINTIFF IN ERROR, *vs.* DAVID A. COMSTOCK, DEFENDANT IN ERROR.

An action was instituted in the Circuit Court of Mississippi, on a promissory note, dated at and prayable in New York. The declaration omitted to state the place at which the note was payable, and that a demand of payment had been made at that place. The Court held, that to maintain an action against the drawer of a promissory note or bill of exchange, payable at a particular place, it is not necessary to aver in the declaration that the note, when due, was presented at the place for payment, and was not paid; but the place of payment is a material part in the description of the note, and must be set out in the declaration.

IN error to the District Court of the United States for the Northern District of Mississippi.

An action was instituted in the District Court of Mississippi, by the defendant in error, on a promissory note, dated at New York, March 2, 1836, by which Covington and M'Morris promised to pay four thousand five hundred and sixty dollars and four cents, six months after date, to Nelson, Carleton, and Company, at New York. The note was endorsed by the drawees to the defendant in error, David A. Comstock.

The declaration on the note omits to state the place where the note was payable; and on the trial, the note was offered in evidence, and objected to by the defendant. The Court allowed the note to be given in evidence; on which the defendant tendered a bill of exceptions; and a verdict and judgment having been rendered for the plaintiff, this writ of error was prosecuted.

The case was argued by Mr. Cocke, with whom was Mr. Key, for the plaintiff in error: no counsel appeared for the defendant.

Mr. Cocke contended that it was necessary to state the place at which payment of the note was to be made; and to prove a demand at that place.

2. That the note being joint, a separate action could not be maintained upon it.

Nothing is clearer, than that a declaration on a note payable at a particular place, should state the place of payment. The omission to do this is fatal. Cited, Bailey on Bills, 429. 3 Campbell's Rep. 453. Chitty on Bills, 321. 14 East, 500. 15 East, 110. 5 Taunt. Rep. 7. 3 Campbell, 248, and note.

Mr. Justice M'LEAN delivered the opinion of the Court.

This case is brought before this Court from the Circuit Court of Mississippi, by a writ of error.

The plaintiff in the Circuit Court brought his action on a promissory note, and stated in his declaration, that the defendant, "heretofore, to wit, on the second day of March, 1836, at New York, to wit, in the district aforesaid, made a certain note in writing, com-

monly called a promissory note, bearing date the day and year last aforesaid, and then and there delivered the said note to Nelson, Carleton & Co., who are citizens of the state of New York; by which said note, the said defendant promised, by the name and style of Covington and M'Morris, to pay to the said Nelson, Carleton & Co., or order, forty-five hundred and sixty dollars and four cents, six months after the date thereof, for value received; and the said Nelson, Carleton & Co. then and there endorsed and delivered said note to the said plaintiff," &c.

The defendant pleaded the general issue; and on the trial, the following note was offered in evidence.

$4,560 4.                                    *New York, March 2d*, 1836.

Six months after date, we, the subscribers, of Columbus, state of Mississippi, promise to pay to the order of Nelson, Carleton and Co. forty-five hundred sixty dollars and four cents, at New York, for value received.                    Signed, COVINGTON & M'MORRIS.

The defendant objected to the note being given in evidence, on the ground that there was a material variance between it and the note described in the declaration. But the Circuit Court overruled the objection, admitted the note in evidence, and entered a judgment for the plaintiff. The defendant excepted to this ruling of the Court; and the question now is, whether there is error in the decision of the Circuit Court.

The note given in evidence was payable at New York; but the place of payment was not stated in the declaration.

To maintain an action against the drawer of a note or bill payable at a particular place, it is not necessary to aver in the declaration that the note, when due, was presented at the place for payment, and was not paid; but the place of payment is a material part in the description of the note, and must be set out in the declaration.

The place of payment regulates the rate of interest, and in other respects may become important. A note payable generally, is a very different instrument from a note given by the same parties, and for the same amount, payable at New York. We think, therefore, that the Circuit Court erred in admitting the note as evidence; for which cause the judgment is reversed; and the cause is remanded for further proceedings in the Circuit Court, where the plaintiff may move to amend the defect in his declaration.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Northern District of Mississippi, and was argued by counsel: on consideration whereof, It is now here ordered and adjudged by this Court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed with costs; and that this cause be, and the same is hereby, remanded to the said Circuit Court for further proceedings to be had therein according to law and justice, and in conformity to the opinion of this Court.