## DICKINSON ET AL. vs. TUNSTALL.

If a note, payable at a particular place, is described in the declaration as payable gene-rally, it is a variance, and fatal on demurrer.

A note for $500, payable at 12 months, " with ten per cent. interest until paid," bears interest from date.

But, if the breach does not negative the payment of the interest, it is bad on demurrer, and no judgment can legally be given for interest.

DEBT, on a bond for $500, due at 12 months, and payable at the Branch of the State Bank at Batesville, with ten per cent. interest till paid, tried in Independence Circuit Court, in June, A. D. 1841, before the Hon. THOMAS JOHNSON, one of the Circuit Judges. Tunstall's declaration stated the bond as payable *generally*, and the breach was silent as to the interest. The defendants obtained oyer, and demurred for variance, and because the bond was not set out according to its legal effect, and also pleaded *non est factum*, without affidavit, which was stricken out. Demurrer overruled, judgment by *nil dicit* for debt and interest at ten per cent., and writ of error.

*Pike & Baldwin*, for the plaintiffs.

*Fowler*, contra.

DICKINSON, J., being related to one of the parties, gave no opinion.

*By the Court*, RINGO, C. J.

There is, manifestly, a variance between the obligation described in the declaration and the one given on oyer, in this, viz: that the former is described as being payable generally, and not at any particular place, while the latter is expressly made payable in the Branch of the State Bank of Arkansas, at Batesville, which, according to the judgment of this Court, in the case of *Sumner vs. Ford et al.*, 3 *Ark.* 389, is fatal to the pleading. The demurrer was, therefore, well taken, and ought to have been sustained. The breach is also insufficient to warrant the judgment, as given, for interest, as has been repeatedly ruled by this Court.

The obligation would, in our opinion, bear interest from its date, by virtue of the express stipulation in the contract to pay interest; but as no breach of this part of the contract is alleged, no judgment could legally be given for it. The plea of *non est factum* was properly stricken out, for it could have been entirely disregarded, as has been often ruled.

Judgment reversed.