## CHARLESTON

### DAMARIN & CO. v. YOUNG BROS.

Submitted January 25, 1886.—Decided February 6, 1886.

1. In an action of debt, the declaration declares on a note, dated August 9, 1884, the case is tried on the plea of *nil debet* and the court against the objection of the defendant permits the plaintiff to read in evidence a note dated August 9, 1883, HELD :

   The variance between the note declared on and the one admitted in evidence is fatal, and the action of the court was erroneous. (p. 437)

2. In such action, the declaration describes the note sued on as "a certain promissory note" and mentions no place of payment, and the court permits the plaintiff against the objection of the defendant to read in evidence a negotiable note payable at the Kanawha Valley Bank, HELD :

   This was error for which the judgment in favor of the plaintiff is reversed by this Court. ( p. 438)

*W. A. McCorkle* for plaintiffs in error.

*Kenna & Chilton* for defendants in error.

SNYDER, JUDGE :

Writ of error to a judgment of the circuit court of Kanawha county, pronounced December 22, 1884, in an action of debt in which Damarin & Co. were plaintiffs and Young Bros. were defendants. There was a demurrer to the declaration which the court overruled. The defendants pleaded *nil debent* and the case was tried by the court, judgment given for the plaintiffs, and the defendants brought this writ of error.

The declaration demands "the sum of $197.25 which the defendants owe," &c. and then avers, "that heretofore, to-wit, on August 9, 1884, the defendants * * * made a certain promissory note in writing, bearing date the day and year aforesaid, * * * by which said promissory note in writing the defendants then promised to pay to the plaintiffs or order, sixty days after the date thereof the sum of $283.00 above demanded for value received." It then avers that the defendants, afterwards, on April 13, 1883, paid on said note

$100.00 and in conclusion states that the defendants have not paid "the said sum of $197.15 above demanded," &c.

There is certainly great irregularity in the statements of dates and amounts in this declaration; and they are such that would be fatal at common law, but under the liberal and curative provisions of our statutes of *jeofails*, I do feel authorized to hold that the declaration is insufficient on demurrer. It gives the date and amount of the note represented as the cause of action, and therefore I do not think the other inconsistent dates and sums are so material as to justify us in saying that the declaration does not set forth "sufficient matter of substance for the court to proceed upon the merits." Sec. 9, ch. 125 Code; or that it "omits something so essential to the action * * that judgment according to law and the very right of the case can not be given." Sec. 29, ch. 125, Code. But as this action must be remanded on another ground, the plaintiffs will have an opportunity to amend their declaration, and therefore it is not important to pass definitely upon the sufficiency of this declaration. The fact is, it is almost impossible to decide, under the changes in the law made by our statutes, what is or is not a sufficient declaration.

The defendants offered in evidence the following note:

"AUGUST 9, 1883.

"Sixty days after date, we promise to pay to the order of Damarin & Co. two hundred and eighty-three dollars, negotiable and payable at the Kanawha Valley Bank, Charleston."

"YOUNG BROS."

To the admission of this note in evidence the defendants objected, but the court overruled the objection and the note was admitted. The defendants excepted to this action of the court and for this alleged error they here contend the judgment should be reversed.

In *Cooke* v. *Graham*, 3 Cranch 229, the bond declared on bore date October 3, 1799, and that produced on *oyer* bore date January 3, 1799. Marshall, C. J., delivering the opinion of the court, held, "The variance between the date of the bond declared upon and that produced on *oyer* is fatal."

In *Bennett* v. *Loyd*, 6 Leigh 316, the plaintiff declared on a bond dated August 14, 1811, upon *oyer* the bond shown

was dated August 6, 1810; *held,* the variance was fatal and the judgment was reversed.

In the case at bar, *oyer* of the note was not and could not have been craved on the demurrer, and so the question of variance was not raised by the demurrer; but it was more effectually raised by the defendants' objection to the admission of the note in evidence. The note declared upon is dated in 1884, while the one admitted in evidence is dated in 1883. The court erred in admitting the note. It should have excluded the note, but the plaintiffs, if they had asked to do so, should have been permitted to amend their declaration by substituting the true for the incorrect date of the note offered in evidence, according to the provisions of the statute. Sec. 8, ch. 131, Code.

The court erred in admitting said note as evidence for another reason. The note declared on is not described as a negotiable instrument, but is simply described as " a certain promissory note," and no place of payment is mentioned. The note admitted in evidence is a negotiable instrument " payable at the Kanawha Valley Bank, Charleston." A negotiable note payable at a particular office or bank is a very different instrument from a mere promissory note payable generally, even when between the same parties and for the same amount. The place of payment regulates the rate of interest and sometimes determines the character of the instrument as to its negotiability. *Bank* v. *Showacre,* 26 W. Va. 49. These are matters of importance and make the place of payment a material part of the description of the note. It is not necessary, in an action against the maker of a note or bill payable at a particular place, to aver in the declaration that the note when due was presented at the place for payment and that it was not then and there paid, but it is essential that the place of payment fixed by the note should be set out in the declaration ; and if this is not done, and the admission of the note in evidence is objected to, the court should exclude it on account of the variance between such note and the one described in the declaration. *Covington* v. *Comstock,* 14 Pet. 43 ; 3 Rob. Pr. 557 ; *Dickinson* v. *Trustall,* 4 Ark. 170. I am, therefore, of opinion that the judgment of the circuit court in this action should be reversed, the case remanded to

the said court, with leave to the plaintiffs to amend their declaration, and for further proceedings.

REVERSED.    REMANDED.