### WILLIAM HERMES v. J. L. VAUGHN ET AL.
#### No. 158.

1. **Tender—Stipulated Attorney Fees upon Suit after Maturity.** A promissory note was made payable at a named city, stipulating for interest from date and attorney fee upon suit after maturity. Upon suit after maturity, to avoid payment of interest in full and attorney fee as stipulated, a tender or the equivalent of a tender must be shown.

2. **Same.**—Tender is not excused by showing that at maturity the note was not in the place of payment. It was not shown that the maker had a residence or place of business in Brownwood, the place of payment, known to the holder, and had the money there and desired to pay the note at maturity, or that the residence of the holder was not known to the maker.

3. **Lis Pendens Purchaser.**— After suit upon a vendor's lien note the maker sold the land, the purchaser assuming the payment of the debt sued on. *Held*, his liability is measured by that of the maker of the note. A tender of principal and interest by the purchaser would not avoid liability for the stipulated attorney fee fixed by the suit pending at his purchase.

4. **Tender.**—To avoid the stipulated attorney fee it was necessary to allege and prove a tender before suit, or that the maker of the note had the money at the place of payment and desired to pay it, the note not being there.

5. **Practice in Court of Civil Appeals.**—Where the facts appear fully developed on appeal, and the case is reversed, this court will render such judgment as should have been rendered by the trial court.

6. **Same—Will not Remand to Allow New Defense.**—On appeal the defenses as pleaded will alone be considered as affected by the testimony. Where

upon the record the judgment should be reversed and rendered, the defendant being losing party can not complain that he is denied the opportunity of filing new and additional defenses by the action of the court in rendering such judgment as the record shows should have been rendered by the trial court.

APPEAL from Brown.    Tried below before Hon. J. W. TIMMINS.

*Moore & Duncan, Harrell & Wilkinson*, and *Charles Rogan*, for appellant.—1. When a note is made payable "at" a certain town or city, this only becomes a matter of venue. It does not, as in the case of a bill of exchange, have to be presented there for payment, but an action may be maintained thereon against the maker without presenting it in said town or city for payment. Smith v. Crommer, 66 Miss., 157; Am. Dig. for 1889, p. 2783, par. 161. The general rule as to the payment of notes is, that payment must be made to the holder, and it is not essential to the maintenance of an action that a note payable at a particular place shall be presented there for payment. Collonor v. Williams, 32 N. W. Rep., 383; U. S. Dig. for 1887, p. 933, par. 190.

2. (1) The defendant has made no legal tender. He having assumed to pay the notes after suit was brought, can not be discharged except upon payment of all that was due at the time he assumes the payment. If he made the contract lis pendens, without making the proper inquiry to see what condition the notes were in and the obligations imposed by them, and if the debt is more onerous than he supposed, he has his own negligence to thank for it; no one else is to blame.

(2) The tender was not good in law, because it was a conditional tender. He offered the principal of the note and one year's interest, and plaintiff's attorney offered to receive it and receipt the amount on the note, and Smith refused to pay the money over unless he got the note in exchange; in other words, he refused to pay the money unless the note was surrendered to him.

(3) A tender at common law must be made on the day the money is due. In the United States it is good if made before suit is brought. If made after suit is brought, all that is due up to the date of tender must be tendered, including costs of suit, etc. The tender must be unconditional; no condition must be annexed to the tender, as in this case, that the note must be first surrendered. 2 Pars. on Con., 155.

3. From and after October 13, 1888, when the suit was filed in the District Court of Brown County, all persons dealing with the subject matter of this suit were purchasers lis pendens, and were bound to take notice; and the pending of the suit was in itself a constant and incessant legal demand for the money. In law, the petition filed on the note in Brownwood was for all purposes as valid and full a demand as the notes could have been; and the fact that the notes were not actually in Brown-

wood until February 8, 1889, is no defense or excuse when a valid suit was and had been pending on them for several months prior thereto.

KEY, ASSOCIATE JUSTICE.—*Findings of Fact.*—1. September 17, 1887, Dan T. Munn sold, and by deed conveyed, the 1280 acres of land de-scribed in plaintiff's petition, to defendant J. L. Vaughn. The said deed retained an express lien to secure the payment of the note herein after re-ferred to and herein sued on.

2. For part of the consideration for said land, said Vaughn executed the following note:

### "LAND NOTE.

"$960.              "BROWNWOOD, TEXAS, September 17, 1887.

" One year after date I promise to pay to the order of Dan T. Munn, at Brownwood, Texas, $960, with interest at the rate of 8 per cent per annum, payable annually, from date until paid. This note is secured by vendor's lien on 1280 acres of land, all of the John Daniels survey, in Brown County, Texas, this day conveyed to me by D. T. Munn; and if this note be not paid in full at maturity, and if suit be instituted to en-force collection of the same, then I do hereby also agree to pay 10 per cent on the amount of principal and interest of this note due when said suit is instituted, to cover the expenses of said collection, which said 10 per cent I do agree shall be included in the judgment which may be ren-dered on this note.

      [Signed]                    "J. L. VAUGHN."

3. In the due course of business and before maturity, this note was by said Dan T. Munn transferred and endorsed to the plaintiff, William Hermes.

4. This suit was instituted against J. L. Vaughn, October 13, 1888, and Brooke Smith was made a party defendant September 2, 1889.

5. In the latter part of October or first of November, 1888, and after the suit had been instituted against Vaughn, defendant Brooke Smith bought the land from Vaughn, and agreed with Vaughn that he would assume the payment of the foregoing note, and another of like import, due a year later. At the time of this purchase Smith had no actual knowledge of the institution of this suit, and had the money ready and desired to pay the note and one year's interest, and wrote to Dan T. Munn to that effect, but failed to find who held the note until February 8, 1889. Smith did not receive his deed nor pay Vaughn anything on the land until January 3, 1889.

6. February 8, 1889, defendant Smith tendered plaintiff's attorney, J. T. Duncan, in Brownwood, Texas, $1036.80, and demanded a sur-render of said note, which said attorney then had in his possession as

plaintiff's attorney in this cause.    Said Duncan declined to accept said amount and surrender the note, but offered to receive the money and credit it on the note, which Smith declined.    Smith paid into the court register at the trial $1036.80.

7.  Said note was not in Brownwood, Texas, at the time of its maturity, nor at any other time until February 8, 1889.

8.  It was not shown that Vaughn had the money to pay the note at maturity, or that he desired to pay it, or tender payment, in Brownwood, Texas, or elsewhere, at the time of its maturity, or any other time; the only testimony on this subject being a statement by Brooke Smith, as a witness, as follows:   "If this note had been presented for payment in Brownwood at the time it became due, it would have been paid promptly. I was at that time cashier of the First National Bank of Brownwood, and Vaughn did his banking business with me."

9.  After the maturity of the note, and before the institution of this suit, the plaintiff had a letter written to Vaughn, addressed to Brownwood, Texas, which the testimony indicates he received, asking if he wanted the note sent to Brownwood for payment.   To this letter no reply was received.

*Opinion.*—Appellant instituted this suit against appellee J. L. Vaughn, and sought a recovery upon a promissory note, and a foreclosure of a vendor's lien on 1280 acres of land, in part payment for which the note was executed.   After the institution of the suit, Vaughn sold the land to appellee Brooke Smith, who agreed with Vaughn to pay the note now in suit.   The note stipulated for 8 per cent interest from date, and 10 per cent attorney fee if sued on after maturity.   The case was tried two years after maturity of the note, and a verdict and judgment rendered for appellant for the principal of the note and one year's interest; and the costs were taxed against him.   From this judgment appellant has appealed, and contends, that according to the uncontroverted facts disclosed by the record, he is entitled to judgment for the principal of said note, interest thereon at 8 per cent per annum from date, and 10 per cent attorney fee.

This contention must be sustained.   The note sued on, signed by appellee Vaughn, and which appellee Smith agreed to pay, fixes their liability.   By its terms they are required to pay interest from date to the time of payment of the principal, and 10 per cent attorney fee if sued on after maturity.   This note is not made payable at any particular bank, office, or other place in Brownwood.   It is a negotiable instrument, and Vaughn executed it, knowing that it might legitimately pass into the hands of a third person; and as against such person (or the original holder) the payment of the full amount of interest and attorney fee can not be avoided, unless a tender, or the equivalent of a tender, is shown. This was not done.   It is true that the note was not in Brownwood when

it fell due, and therefore no actual tender could have been made at that place. If the evidence had gone further, and shown that Vaughn had a residence or place of business or agent in Brownwood known to appellant, and had the money there and desired to tender payment of the note and interest at maturity, and that the residence of the payee was unknown to Vaughn, the case might be different. But it was not shown with any certainty that he had money to pay it; and there is an entire absence of any evidence tending to show that he desired to pay it. Appellee Smith testified, that Vaughn did his banking with his bank, and if the note had been presented for payment in Brownwood at maturity, it would have been promptly paid. If this was sufficient evidence of ability on Vaughn's part to pay the note, it was no proof of a desire to do so.

Payment of a matured obligation upon demand is no proof of a desire to tender payment if not demanded. Men often pay their debts upon demand, when it would be greatly preferable to them not to do so.

The suit was rightfully instituted, and the evidence did not show that Vaughn has or had any right to resist the payment of the full amount of principal, interest, and attorney fee; and Smith, having agreed to pay the amount Vaughn legally owed on the note, is liable to the same extent that Vaughn is. And this is true, whether Smith knew that the note had been sued on, and the amount of indebtedness thereby increased, or not.

If notice that the suit had been instituted was necessary to bind Smith, then, as he bought pendente lite, the law charges him with notice.

On the questions which determine the rights of the parties, there is no conflict in the testimony. We see no reason to suppose that the case has not been fully developed, and therefore, as requested by appellant, the judgment will be reversed and here rendered for appellant for the full amount of the principal of the note and interest thereon to this date, and 10 per cent on the amount due when this suit was instituted as attorney fee; and for a foreclosure of the vendor's lien on the land; and all costs will be taxed against appellees.

*Reversed and rendered.*

Delivered May 3, 1893.

ON MOTION FOR REHEARING.

*R. H. Ward* and *Warren W. Moore,* for appellees, on motion for rehearing.— 1. The court erred in holding, that where a note is payable at a fixed time and at a place certain, that the fact that the payor Vaughn, knowing or not knowing the residence of the payee, could affect his duty as such payor, nor could the innate desire affect his said duty, if he was at said time and place ready to pay the amount of said note, and would have paid it in accordance with its tenor at said time and

place, if the payee had been ready to receive the same at said time and place.

2. The note in controversy being a note executed by payor Vaughn, September 17, 1887, principal and interest payable one year after date at a place certain (Brownwood, Texas), it was the duty of the holder of said note to be in readiness to receive payment in Brownwood, Texas, at the maturity of said note; and if the payee was not there in readiness to receive the amount of the note, and the payor or his agent was there and ready to pay said amount, and by being in Brownwood ready to receive the amount of said note the payee would have received the amount shown to be due by said note, then the payor would be excused from interest, attorney fees, and costs arising subsequent to the maturity, because the acts of the payor would have constituted the equivalent to a tender. Hills v. Place, 48 N. Y., 522, citing Reeve v. Buck, 6 Mich., 240; Bacon v. Dyer, 12 Me., 19; Rennick v. O'Kyle, 12 Me., 341; Gammon v. Everett, 25 Me., 68.

3. The court erred in holding that it is necessary for a note to be payable at a particular bank or place in a town, to be a note payable at a particular place. If a note is payable in a town, it is payable in a particular place—either at the payor's residence or place of business; and if he has neither, then in the town, and the payee must go to the residence or place of business of payor; or if he has neither, then be in the town in readiness to receive payment; and if he uses not this diligence in compliance with his contract, and the payor or his agent is in the town ready to pay same, and would have paid same, and follows this up by himself or agent, the payor has complied with his contractual obligation, and will not be liable for interest, attorney fee, or costs accruing subsequent to the maturity of said note, because the acts of the payor constituted the equivalent to a tender. Smith v. Little, 10 N. H., 526; Cox v. Bank, 100 U. S., 715.

4. The court erred in reversing the judgment of the court below and here rendering same for appellant, because if the facts found by this court do not show that payor Vaughan was ready at the time and place the note was payable to pay the amount shown to be due by said note, and that the payee was not ready at the time and place to pay same, the facts at least to some degree show or tend to show such to have been the case. The judgment should have been reversed and the cause remanded, that a more full development of the case along this line may be had.

KEY, ASSOCIATE JUSTICE.—After due consideration of the motion for a rehearing in this case, this court adheres to its former holding, that to avoid the payment of the full amount of interest and the 10 per cent attorney fee stipulated in the note, it devolved upon appellees to plead and prove that a tender was made before this suit was instituted, or, as an

equivalent to such tender, that Vaughn, the original payor of the note, had the money in Brownwood, Texas, where it was payable, and desired to pay it.

Neither of the defendants alleged in their answer that a tender was made before the suit was brought, or that Vaughn had the money in Brownwood, and would have tendered payment if the note had been there. Defendant Smith, after pleading his purchase of the land and agreement to pay the note, and setting forth his futile efforts to find its owner, avers, "that he has ever stood ready and willing and prepared to meet said obligation at maturity for his codefendant and self, or either of them." This is merely an averment, that he would have paid the note and accrued interest if it had been presented to him for payment at maturity. It is not equivalent to an averment, that if the note had been in Brownwood, payment would have been tendered.

It is contended, however, that if the record discloses reversible error, this court ought not to render judgment, but should remand the cause for another trial; that there was testimony tending to sustain the defense interposed by appellee Smith, and that the case may be more fully developed upon another trial.

Under our view of the law, the facts stated in appellees' answer, if true, constitute no defense; and appellees are not entitled to have the case remanded to enable them to amend their pleadings and interpose a defense of which they might have availed themselves in the first instance.

Under our liberal system of pleading and practice, a defendant can plead and prove as many matters of defense as he sees proper; and therefore if he sets up only one defense, which on appeal is held insufficient, he is not entitled, over the objection of the other party, to have the case remanded to allow him to set up another defense, which, without excuse, he has neglected to do at the trial in the court below.

It is provided by statute, that "when the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below." Laws Called Sess. 22d Leg., p. 31.

We construe this statute to mean, that unless the damages to be assessed or the matter to be decreed is uncertain, or the pleadings raise a question of fact material to the rights of the parties, and which should be ascertained to do justice in the case, this court should render such judgment as should have been rendered in the court below.

As the facts pleaded by appellees in the court below constitute no defense, and the amount of the damages to be assessed is liquidated and

·certain, there is no material fact necessary to be ascertained in order to render a proper judgment; and, as required by the statute referred to, this court has rendered such judgment.

The motion for rehearing is overruled.

.     *Motion overruled.*

Delivered June 21, 1893.