# WILKINS *v.* McGUIRE.

PROMISSORY NOTES; PLEADING AND PRACTICE; FRIVOLOUS
DEMURRER.

1. As between the maker and payee of a promissory note, no presentation for payment at maturity is necessary to bind the maker, even though the note provides for such presentation.

2. The statement in the form of declaration on a promissory note prescribed by the rules of the Supreme Court of the District that on the maturity of the note "the defendant *did* not pay the same," is the equivalent of a statement that the defendant *has* not paid the same.

3. The payee of a promissory note is presumed to remain the holder until the contrary appears, and in a suit by him against the maker it is not necessary for him to allege that he has not transferred it.

4. When a demurrer to a declaration has been set aside by the trial court as frivolous and judgment for want of plea entered, the question which will be considered, on appeal, will be, whether or not the demurrer is tenable in law, and not as to its frivolousness.

5. Where to a declaration containing a special and the common counts, and supported by an affidavit under the 73d rule of the Supreme Court of this District, a demurrer is interposed to the special count and a plea unsupported by an affidavit to the common counts, and the demurrer is set aside as frivolous and judgment entered for want of plea, the judgment is sustainable, on appeal, however tenable the demurrer may be, upon the common counts and affidavit, and it is immaterial that the motion for judgment was founded upon the 31st instead of the 73d rule. A good judgment will not be set aside because a bad reason may have been assigned for it.

No. 219.  Submitted February 9, 1894.—Decided February 21, 1894.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia, holding a law term, sustaining a motion to set aside a demurrer to a declaration on a promissory note, as frivolous and from a judgment for want of plea. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from a judgment of the Supreme Court of the District of Columbia rendered as for want of plea in

a suit upon a promissory note where a demurrer had been interposed and stricken out as frivolous.

The declaration filled by the appellee who was plaintiff in the court below, contained a special count and the common counts. The special count set forth that the defendant Walter P. Wilkins, here the appellant, on the 16th day of May, A. D. 1890, at the city of Philadelphia, in the State of Pennsylvania, by his promissory note now overdue promised to pay to the order of 'the plaintiff, by his firm name of "Alart and McGuire," the sum of $261.50 in four months after date, and the said note was at maturity duly presented for payment, and was dishonored, whereof said defendant had due notice, but said defendant did not pay the same, nor any part thereof; and that the plaintiff claimed the sum of $261.50, with interest from September 16, 1890, and $2.10 costs of protest, according to particulars of demand annexed, besides costs of suit. And appended to the declaration, and following the common counts, was a copy of the note as a bill of particulars. This note was in terms as follows:

"$261.50.                    Philadelphia, May 16, 1890.

"Four months after date I promise to pay to the order of Alart and McGuire two hundred and sixty-one 50-100 dollars. Notice to N. E. corner 2d and Callowhill sts., without defalcation, value received.

(Signed)                    WALTER P. WILKINS."

Also annexed to the declaration, was an affidavit setting forth the plaintiff's cause of action and the amount claimed by him to be due to him, for the purpose of having a summary judgment under the 73d rule of the Supreme Court of the District of Columbia.

To the first or special count of the declaration a demurrer was interposed, based upon three alleged grounds: 1st. That it was not shown that the note had been duly presented for payment at the place where said note was payable by its terms; 2d. That it was not shown that the note was overdue and unpaid, and had not been paid at the time the

declaration was filed; 3d. That it was not shown that the plaintiff was the holder and owner of the note, and had not indorsed it to other parties.   To the common counts a plea of *non assumpsit* was filed, without any affidavit of defense.

· The plaintiff moved to set aside the demurrer as frivolous, and for the entry of judgment against the defendant as for want of plea; and the court granted the motion and entered judgment in accordance with the claim in the declaration. From this action of the court the defendant prosecuted the present appeal.

*Messrs. Church & Stephens* for the appellant:

1. The demurrer should have been sustained.   The note appears to have been payable at a particular place, and there is no allegation in the declaration that it was presented at that place.   This has been held fatal by the Supreme Court of the United States.   *Covington* v. *Comstock*, 14 Peters, 43 ; *Sebree* v. *Dorr*, 9 Wheaton, 558.

2. It does not appear from the declaration that the note was unpaid at the time the suit was brought; the language, " But said defendant did not pay the same," refers to the time of presentment; *non constat* that it was not paid before action brought.   The Supreme Court of this District at special term has sustained demurrers on this ground.   There is nothing in the declaration to show that the plaintiff, at the time of bringing suit, owned the note or had a right to bring an action thereon.

3. The demurrer should not have been set aside as frivolous.   It is submitted that a frivolous demurrer is one where there is no ground for argument; it is like a sham plea, clearly interposed for delay.   If the court should not agree with the appellant that the demurrer was well taken, it is nevertheless submitted, that as the point is one which has been mooted in the court below and decided different ways, that counsel should be given credit for a desire to have the question settled by a court of last resort, without their client being deprived of his right to file a plea in case it should be

finally settled by this court that such a declaration is sufficient.

Mr. *Leon Tobriner* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The defendant's first ground of demurrer is, that the declaration fails to show that the note was duly presented at the place where by its terms it was payable. It is probably sufficient answer to this that the note is not by its terms made payable at any particular place. Very peculiarly inserted in the body of the note is a memorandum, not infrequent upon the margin of similar paper: " Notice to N. E. Corner 2d and Callowhill Streets." But this is not a provision that the note should be presented there for payment, but merely that some notice should be sent to that place. Now, in connection with mercantile paper of this kind, there are only two notices that are usual, one by banks to the maker, when it has been deposited with them, merely as a reminder to him that it will be due and payable at a specified time, and the other to indorsers to fix their liability when there has been refusal of payment by the maker. The first class of notice is a mere usage, not required by law, and not a matter of right on the part of any one. To the second notice the maker is not entitled as against the payee; for his own refusal is sufficient notice to him. But, assuming that the appellant in this case was entitled to one or other or both of these notices, his complaint is not that he did not receive such notice, but that the declaration does not allege presentation for payment at the " N. E. Corner of 2d and Callowhill Streets "; and, as we have seen, the note itself does not require any such presentation, either by its terms, or by operation of law. Even if the note had specifically and distinctly provided for such presentation, it is well settled law that, as between the maker and the payee, no such presentation is necessary in this country. *Wallace* v. *M'Connell*, 13 Pet., 136 ; *Hills* v. *Place*, 48 N. Y., 520 ; *Malden Bank* v. *Baldwin*, 13 Gray, 154. The cases of *Coving-*

*ton* v. *Comstock*, 14 Peters, 43, and *Sebree* v. *Dorr*, 9 Wheaton, 558, do not support the appellant's contention in this regard. In the first of these two cases there was a total failure of allegation as to the place where the note was made; and in view of the fact that the validity of a note may often depend upon the place where it is made, this omission was regarded as a fatal defect. And in the other case, that of *Sebree* v. *Dorr*, there was a somewhat similar omission. In the present case the note was made in Philadelphia, and is so described; and it is not made payable at any particular place.

But even if it were made payable at a particular place, and presentation at such place for payment were required, it is not apparent that this fact has not been sufficiently stated in the declaration, when it alleges that the note was " duly presented " for payment. The abbreviated forms of action, in use in the District of Columbia, are the same that were adopted in England in 1852 or 1854; and these forms disregard the minute requirements of allegation of time and place that were usual in the ancient forms. No impropriety or insufficiency is apparent in these forms, which have been followed in the present instance; and we see no reason for criticism upon them.

It is objected, in the second place, that the declaration fails to show that the note is overdue and unpaid, and that it had not been paid at the time the declaration was filed. The declaration does distinctly state that the note is overdue. But the argument on this point is, that, although the defendant might not have paid the note at maturity, he might have done so before the suit had been commenced; and it should have been alleged that the note yet remained unpaid at the time of the institution of the suit. This objection we regard as untenable as the previous one. The declaration is in the form prescribed by the rules of the court; and the allegation in these forms that " the defendant did not pay the same " has always been understood to be the equivalent of a statement that the defendant has not paid the same. It was usual in the old common law forms to make

the statement in both ways; and the statement so made was undoubtedly more precise and specific than in the new forms. But these forms are to be taken for what they mean; and they are to be sustained for the simplicity and brevity which they were intended to introduce into our system of pleading. A sufficient cause of action is stated in this case. The failure of the defendant to pay his promissory note at maturity gave the payee in this case an immediate cause of action. The liability then became fixed and absolute. It is no ground for demurrer that the liability may have afterwards been discharged by payment or satisfaction. Such release of liability it is for the defendant to show in his defense, and not for the plaintiff to negative in his declaration. Therefore, it necessarily follows that a failure to allege the continuance of the liability is not good ground for demurrer.

And as to third ground of demurrer, the same answer will hold good. In a suit upon a promissory note by a payee against the maker, it is not necessary for the plaintiff to allege that he has not transferred it. He is presumed to remain the holder and owner of the paper until the contrary is made to appear. Indorsement is a substantial fact to be alleged, wherever it is apparent that title is thereby acquired; it is not a fact which a payee is bound to negative by averments to that effect. In order that a suit upon a promissory note should be maintained, the note must be produced at the trial, or its loss accounted for, if it has been lost; and possession of the note at that time by the plaintiff is *prima facie* evidence of his right to it, without any further proof. And inasmuch as the note must be similarly produced, and filed in court, as a condition of the entry of a summary judgment upon it, there is no good purpose to be served by the requirement of an allegation on the part of the plaintiff at the time of the commencement of the suit that he actually has the note in his possession or under his control.

We are of opinion, therefore, that the defendant's demurrer was not well founded for any of the reasons stated.

Complaint is made that the demurrer, even if not well

founded, should not be regarded as frivolous. Without lengthy investigation of what constitutes frivolousness in this regard, and without question of the sincerity and earnestness of counsel in interposing the demurrer, it seems to us to be practically a matter of indifference whether the court below in this case overruled the demurrer as unfounded in law, or set it aside as technically frivolous. Whether it be frivolous or not, we regard it as untenable in law; and we presume the court below must have so regarded it. Indeed, while an untenable demurrer is not frivolous, every frivolous demurrer is necessarily untenable. And when a court has held a demurrer untenable, and no leave has been asked or given to plead over, there is nothing left for the court but to enter judgment. We have no doubt that if leave had been asked in this case to plead over, the court would have granted it. But the defendant preferred to rely upon his demurrer; and he must be bound by his election.

There is another consideration in this case which we connot overlook. While it seems to be conceded on both sides that the controversy in the court below turned exclusively on the first count of the declaration and the demurrer to it, and the whole argument before us has been addressed to the questions sought to be raised by the demurrer, we cannot ignore the fact that the judgment of the court below might be sustained upon the common counts and the plea to them. The note could have been proved under the common counts; and these common counts are supported by an affidavit to which no objection has been taken and which seems to be sufficient under the rules of the court. There is no affidavit of defense; and even if the defendant's demurrer had been sustained, and the plaintiff's first count entirely swept away, it is not apparent that the motion for judgment should not have prevailed under the 73d rule of the court, as well as under the 31st rule. The motion is substantially the same under both rules; and while the plaintiff in fact addressed his motion to the 31st rule, yet if he was entitled under another rule to have it prevail, even if he were not entitled

under the rule which he invoked, it would seem that the judgment should be regarded as having been properly entered. The substance of the motion was for judgment as for want of plea. The reason assigned in support of the motion might have been bad. If the judgment was entered, and there was in fact a good reason for it, the case would be simply another illustration of the rule that a good judgment ought not to be set aside because a bad reason may have been assigned for it. With a record that shows the common counts supported by an apparently sufficient affidavit, a plea without any affidavit, and a motion for judgment, we do not see how the judgment granted could be properly vacated or reversed, no matter what we might think of the demurrer to the first count.

*For the reasons which we have stated, we must affirm the judgment of the court below, with costs.*