## LARNIE B. SHAW vs. WALTER M. NEWTON.

1. BILLS AND NOTES—ACTIONS—PLEADING—PLACE OF PAYMENT.

Where a note sued on is payable at a particular place, such fact is material, and must be alleged; and hence, where a note payable at a particular place was declared on as payable generally, it was not admissible in evidence.

2. BILLS AND NOTES—ACTIONS—PLEADING—PLACE OF PAYMENT.

The filing of a note with the declaration, by virtue of a statute, the purpose of which was to dispense with proof of execution, did not supply the necessary averment that the note was payable at a particular place; the declaration not so alleging.

(*May* 6, 1914.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*James H. Hughes* for plaintiff.

*Henry Ridgely* and *George M. Fisher, Jr.*, for defendant.

Superior Court, Kent County, April Term, 1914.

ACTION OF ASSUMPSIT (No. 18, April Term, 1913) by Larnie B. Shaw against Walter M. Newton. The narr. contained several counts; the first count being on a promissory note for fourteen hundred dollars with interest from February 1, 1913. The other counts were common counts. The usual pleas were filed and notice of recoupment for an amount equal to the plaintiff's claim. The note declared on was offered in evidence at the trial and objection to its admission made by the defendant. Objection sustained. Leave to amend declaration granted and case continued.

The case is stated in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

[1] The first count of the declaration is upon a promissory note which is in the following language, viz.:

"$1,400.00.              Dover, Del., Nov. 1, 1912.

Three months after date I promise to pay to the order of L. B. Shaw at the First National Bank of Dover fourteen hundred........no 100 dollars without defalcation, value received.

"Credit drawer.            [Signed] W. M. Newton."

A copy of said note was filed with the narr., which averred: "For that whereas, the said Walter M. Newton, the defendant, by the name of W. M. Newton heretofore, to wit, on the first day of November in the year of our Lord one thousand nine hundred and twelve, at Dover, Delaware, that is to say, at Kent County in the State of Delaware, made his promissory note in writing bearing date the same day and year, and by said promissory. note, he, the said Walter M. Newton, the said defendant, promised for value received to pay three months after date to Larnie B. Shaw, by the name of L. B. Shaw, the plaintiff, or order, the sum of fourteen hundred dollars ($1,400.00), and then and there delivered the said promissory note to the said Larnie B. Shaw, by means whereof, and by force of the statute in such case made and provided, the said defendant then and there became liable to pay the said plaintiff the said sum of money in the said promissory note specified," etc.

The note is offered in evidence and its admission objected to on the ground that it is made payable at a particular place and declared on as payable generally. We think it is well settled law that where a note sued on is payable at a particular place, such fact is material and must be averred in the declaration. 3 *Cyc.* 106; *Chitty on Bills, p.* 367; *Covington v. Comstock,* 14 *Pet.* 43, 10 *L. Ed.* 346; *Sebree et al. v. Dorr,* 9 *Wheat.* 562, 6 *L. Ed.* 160.

[2] The plaintiff does not deny that such is the law, but contends that the filing of the note with the declaration made the same a part of the declaration and supplied the necessary averment that the note was payable at a particular place.

We do not think such proposition can be sustained. The filing of the note with the declaration is by virtue of a statute the sole purpose of which is to dispense with the proof of the execution of the note unless the defendant by affidavit denies the signing.

Opinion—Case Continued.

The filing of the note therefore does not make the same a part of the declaration; neither does it aid the declaration, or supply any deficiency therein.

Leave to amend declaration, and case continued.