HOSTUTLER v. ALLDREDGE. (No. 1875.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 14, 1921.)

1. Bills and notes ⬤⟳395—Neglect of holder to present note to bank where payable releases maker only from damages for nonpayment.

Under Negotiable Instruments Law, § 70, presentment of a note for payment is not necessary in order to charge the person primarily liable thereon, but the maker, if ready and able at the time and place to make the payment, might plead the matter in bar of damages and costs.

2. Bills and notes ⬤⟳126—To escape attorney's fees, maker of note must show a tender of payment or its equivalent.

In order for the maker of a note to escape payment of attorney's fees for its collection, as provided in the note, it is necessary for him to show tender of payment or its equivalent, which is, under Negotiable Instruments Law, § 70, a showing of willingness and ability to pay at maturity and at the place of payment.

3. Bills and notes ⬤⟳516—Evidence held not sufficient to show readiness to pay note at maturity.

Evidence held not sufficient to show readiness to pay a note at maturity, so as to avoid payment of attorney's fees.

4. Bills and notes ⬤⟳126—Maker's readiness and willingness to pay, if notified in another jurisdiction, held immaterial as respects recovery of attorney's fees.

As respects right to collect attorney's fees as damages for nonpayment at maturity, the readiness and willingness of the maker to pay, if notified in another jurisdiction, was immaterial.

5. Appearance ⬤⟳19(4)—Where nonresident defendant answered, the court has jurisdiction.

Where defendant, although a nonresident, answered, the court has jurisdiction.

Appeal from Lipscomb County Court; B. E. Shutterly, Judge.

Action by J. F. Hostutler against H. H. Alldredge. From judgment for less than amount claimed, plaintiff appeals. Reversed, and judgment entered for plaintiff for amount of claim.

W. H. Sewell, of Breckenridge, for appellant.

E. C. Gray, of Higgins, for appellee.

BOYCE, J. Suit was brought by appellant, Hostutler, against appellee, Alldredge, to recover a balance of principal, interest, and attorneys' fees on a promissory note executed by Alldredge and payable to Hostutler. The controversy in the case is as to whether the plaintiff was entitled to recover the attorneys' fees provided for in the note, and the appeal is from a judgment denying plaintiff such recovery.

The note was dated February 16, 1920, payable August 14, 1920, for the principal sum of $973.93, bearing interest from date at the rate of 10 per cent. per annum, payable at the First National Bank of Higgins, Tex. It waived "demand of payment"; it also contained the usual clause for payment of attorneys' fees. About two weeks before the maturity of the note defendant called on the president of the bank and inquired as to the location of the note, stating that he wanted to pay the note out of $1,000 rentals, which would be deposited to his credit in the bank. The note was not at the bank, and the banker did not know where it was. The defendant further testified:

"I had arrangements made whereby I could get the money any time I wanted it and pay

the note before I went away, but I could not find the note."

The defendant, immediately after this conversation, returned to Colorado, where he lived, and was in Colorado at the time of the maturity of the note. He made no arrangements with the bank to pay the note upon presentation, and at maturity had on deposit with the bank about $35. The bank president testified that the bank would not have paid the note without getting into communication with defendant, but that, if the note had been presented, he would have telegraphed defendant and would have paid the note if the defendant had instructed him to do so, and made proper arrangement for the repayment of the money to the bank. The note was not presented to the bank at maturity but was thereafter placed in the hands of an attorney for collection and the attorney presented it to the bank, demanding payment of principal, interest, and attorneys' fees about September 8, 1920. In the meantime, about August 30th, there had been deposited in the bank to defendant's credit the $1,000 rentals from defendant's land above referred to. Prior to September 8th some of the money had been checked out, and on said date the bank paid on the note $650, having no funds on hand with which to pay the balance. After communication with defendant, and remittance to it of further funds, it made a further payment of $246.47 on September 20th. The note bore a credit of $77.46, dated April 27, 1920. Plaintiff filed this suit to recover the balance of principal and interest due on the note, and, in addition, attorneys' fees of 10 per cent. of the amount of principal and interest due at the time of its first presentation to the bank. The defendant tendered the amount of principal and interest due, and testified that he had thought the note was paid in full.

We quote the pertinent provisions of the Negotiable Instruments Law, adopted in 1919 (Laws 1919, c. 123):

"Sec. 70 [in part]. Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part."

"Sec. 82 [in part]. Presentment for payment is dispensed with * * * 3. By waiver of presentment, express or implied.

."Sec. 87. Where the instrument is made payable at a bank it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon."

[1, 2] Under the provisions of the law and the facts of this case demand for payment by the maker was not necessary. Under the old law the only consequence of neglect of the holder to present the note at the bank for payment would have been "that the maker, if he was ready at the time and place to make the payment, might plead the matter in bar of damages and costs." Daniel on Negotiable Instruments (6th Ed.) § 643; Armistead v. Armistead, 10 Leigh (Va.) 525. The new law is substantially the same as the old in this respect. In order for the maker of the note to escape the consequences of its nonpayment, it was necessary for him to show tender of payment, or its equivalent. Hermes v. Vaughan, 3 Tex. Civ. App. 610, 22 S. W. 189, 817. No tender of payment was made. The equivalent of tender was, under the law, a showing of willingness and ability to pay at maturity and at the place of payment. Section 70, Neg. Inst. Law.

[3, 4] The evidence does not, we think, show such readiness to so pay the note. The inquiry for the note at the bank two weeks before the maturity, and even a showing of readiness and willingness to pay it then and there, would not be sufficient. The holder of the note was not required to have the note at the bank at all times. Readiness to pay the note "at maturity" was the fact which it was essential for defendant to show. At the time of maturity defendant had no funds at the place of payment; he was not there himself, and had no one there to make payment for him. His willingness and ability to pay if notified in Colorado was immaterial. Sherer v. Easton Bank, 33 Pa. 140; Meyers v. Battle, 170 N. C. 168, 86 S. E. 1034. No one was under obligation to notify him in Colorado of the presentation of the note. He may or may not have received notice if the note had been presented at the First National Bank of Higgins on August 14th, and he may or may not have in such event arranged for payment before the close of banking hours of that day. A showing of such possibilities did not discharge the burden that was upon the defendant. As a matter of fact, when the note was subsequently presented, after the funds had been deposited in the bank out of which defendant had expected to pay the note, only partial payments were made at different times, and the entire amount due was never tendered until the trial of the case. This fact shows the futility of speculating as to what might have happened if the note had been presented at the bank on August 14th and some one had voluntarily undertaken to give defendant notice of such fact.

[5] The defendant, though a nonresident, answered, and the court had jurisdiction. York v. State, 73 Tex. 651, 11 S. W. 869.

The judgment will be reversed, and the judgment entered for the appellant for the balance of principal, interest, and attorneys' fees.