## HEAD et al. v. TEXAS STATE BANK et al. (No. 556.)

Court of Civil Appeals of Texas. Eastland. March 22, 1929.

who are appellants herein, and L. O. Richards, plaintiff in error, all of whom were defendants below. A trial was had before the court and jury, and, upon a verdict on special issues, judgment was rendered against all of the defendants for the balance of the unpaid principal, interest, and attorneys' fees, aggregating $2,713.94. As to Richards the judgment was by default upon an instructed verdict. All defendants excepted to the judgment, and have appealed.

■ Plaintiff in error L. O. Richards, along with the above-named appellants, was cited by said Texas State Bank as a maker of said promissory note. As stated, judgment by default was rendered against Richards. In such judgment it is recited that he was "duly cited" and "wholly failed to appear and answer in this cause and made default." There is no citation, waiver, or entry of appearance shown by the transcript. There is no agreement authorizing such omission from the transcript. That the transcript should show a citation and return thereon, where a default judgment shows want of appearance, is required under article 2278, R. S. 1925. A recital of service in a default judgment, which affirmatively shows want of appearance, is insufficient alone to show jurisdiction in a court to render judgment. Broun v. Hayslip (Tex. Civ. App.) 283 S. W. 177; Rhodes v. Coats (Tex. Civ. App.) 215 S. W. 470; Palomas L. & C. Co. v. Good (Tex. Civ. App.) 184 S. W. 805.

This reverses the judgment as to the plaintiff in error Richards, and necessarily reverses it as to the appellants, the alleged sureties.

■ The appellee bank, recognizing the force of Richards' contention, on submission filed a motion to dismiss as to said Richards, because the judgment as to him was "erroneous" for the reasons stated. This motion is, at least, a confession of error, but the order of dismissal as to Richards will not be entered. All the defendants except Richards claimed to be sureties upon the note, and, if that be true, this is a case where no judgment is permitted under the law to be rendered against a party not primarily liable without showing the principal obligor resided beyond the limits of the state, or was dead, or actually or notoriously insolvent, etc. Articles 1986 and 1987, R. S. Since the plaintiff made no such allegations or proof of such facts in the trial court, but now seeks to dismiss here as to the sole alleged principal, to affirm this judgment against the alleged sureties under the present state of the record would be to allow the plaintiff to take a judgment against those claiming to be sureties, without observing the provisions of articles 1986 and 1987, R. S., supra. Such an affirmance of the judgment would, in effect, permit the plaintiff to circumvent these provisions of law.

We now come to the appellants' first proposition. The point presented is that the trial

Hawkins & David, of Breckenridge, for appellants.

Saunders & Atchison, of Breckenridge, for appellees.

LESLIE, J. This was a suit upon a promissory note payable to the order of the "Texas Guaranty Bank, at its banking house in the city of Breckenridge, Texas," brought by the Texas State Bank against L. D. Head, J. W. Wharton, J. R. Youngblood, and Jess Miller,

court erred in sustaining the first special exception contained in paragraph 2 of plaintiff's supplemental petition. The pleadings are long, and it is unnecessary to set out in full the portion stricken therefrom by the court's action in sustaining this exception. It is sufficient to state that the appellants Head, Wharton, Youngblood, and Miller, by proper pleadings, sought to invoke the defense that they were merely sureties on the note, and that the defendant L. O. Richards was the principal thereon, and that after the date of maturity of said note, and for a period of time, the said Richards had on general deposit with the payee bank more than sufficient funds to have taken care of said note; that the same was not applied in whole or in part by said bank to the satisfaction of the note; and that by reason of the bank's failure so to do said sureties were released from liability thereon under the provisions of the Negotiable Instrument Act of the state of Texas.

Assuming the matters alleged to be true, the above situation presents, on the part of the appellants, a question of secondary liability or the rights of sureties as they arise under said act and article 6246, R. S., prescribing how the question of suretyship may be tried out, etc. See opinion in Howth v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 280 S. W. 239; Id. (Tex. Sup.) 293 S. W. 800.

It will be observed that the appellants do not allege or contend that Richards had on deposit with the payee bank sufficient funds to pay the note in full on the date of its maturity, but the allegation is that, subsequent to such date of maturity, the deposits to his general account were sufficient to do so. It may be that, had Richards' deposit, on the date of maturity of the note, been sufficient to pay the same, it would have been the bank's duty to appropriate such funds to the discharge of the note on the theory that the note was, under section 87, art. 5937, R. S., an order to the bank to do so, and that such order, together with the existence of such deposit, evidenced an "ability and willingness" on his part to pay the debt on the date of maturity, said section 87 being: "Where the instrument is made payable at a bank it is equivalent to an order to the bank to pay the same from the account of the principal debtor thereon;" and section 70, in part being: "If the instrument is, by its terms, payable at a special place, and he [debtor] is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part."

Such circumstances might, under the terms of the Negotiable Instrument Law, constitute a tender by a prior party which would effect the release of the sureties or those secondarily liable, a contingency apparently provided for by section 120, art. 5939, which is as follows: "A person secondarily liable on the instrument is discharged * * * by a valid tender of payment made by a prior party."

■■ But, the record before us does not present such state of facts, and it is unnecessary to decide what would have been the effect had such deposit been sufficient to pay the note on the date of its maturity. However, under the alleged facts, we are of the opinion that no tender of payment was made. The "ability" contemplated by section 70 was lacking, and hence there was no legal tender which would, in contemplation of law, discharge a secondary liability. As stated in Hostutler v. Alldredge (Tex. Civ. App.) 235 S. W. 953: Readiness to pay the note 'at maturity' was the fact which it was essential for defendant to show. At the time of maturity defendant had no funds at the place of payment; he was not there himself, and had no one there to make payment for him."

The equivalent of tender would have been a showing of willingness and ability to pay *at maturity* and at the place of payment, and not at a time subsequent thereto. We would not be authorized to extend the rule of law and give to the phrase "ability to pay after maturity" the same effect as "ability to pay on the date of maturity." What constitutes the equivalent of tender of payment is clearly defined by the Negotiable Instrument Act, but no specific direction or duty is by that act laid upon the payee bank with reference to such deposits of the debtor as may have been made with the bank subsequent to the date of the maturity of the note. It is a well-settled principle of law of commercial paper that, after the liability of all the parties to a bill or note is once fixed, no indulgence or delay of suit will affect their responsibility.

In fact, the instant case does not appear to be specifically covered by the Negotiable Instrument Act as adopted in this state in 1919, and, as stated in Howth v. J. I. Case Threshing Machine Co., supra, we are, in such instance, remitted to the provisions of section 196, art. 5948 of the Revised Statutes, as follows: "In any case not provided for in this act the rules of law and equity including the law merchant shall govern."

■ By reference to the common law, as declared by the courts of this state and evidenced by the opinion in Houston v. Braden et al. (Tex. Civ. App.) 37 S. W. 467, and other authorities to the same effect, it appears that, although the principal on a note payable to a bank has, after maturity thereof, a deposit in the bank sufficient to pay it, an omission of the bank to appropriate it to the payment of the note does not discharge the surety. First National Bank v. Powell (Tex. Civ. App.) 149 S. W. 1096; Bank of Fredericksburg v. Knopp (Tex. Civ. App.) 256 S. W. 319; Hermes v. Vaughn, 3 Tex. Civ. App. 607, 22 S. W. 189, 817; People's Bank of Wilkes-Barre v. Legrand, 103 Pa. 309, 49 Am. Rep. 126; 3 R. C. L. § 503.

Under the general law of "set off" the bank could, no doubt, in such instance, so apply the funds to the payment of the note, but un-

der the law it is not mandatory that it do so in discharge of any duty to the sureties. The demand and conveniences of the commercial world, as pointed out in the authorities above, are held to justify the rule which in no respect appears to have been abrogated by any legislative enactment of the Negotiable Instrument Law.

■ Further, the facts alleged evidence a mere indulgence upon the part of the holder of the note, and this in no wise released the sureties. Behrns v. Rogers (Tex. Civ. App.) 40 S. W. 419. Appellants' first proposition is overruled.

■ The second proposition is directed to the action of the trial court in sustaining a special exception to that portion of their pleading setting up the insolvency of L. O. Richards, the bank's knowledge thereof, and its failure to appropriate the fund on general deposit after maturity, to the credit of L. O. Richards, notwithstanding the following provision of the note: "In case of the insolvency of any of the undersigned, any indebtedness due from the legal holder hereof to the undersigned may be appropriated and applied hereon at any time, as well before as after maturity hereof."

The appellants contend that by virtue of this express authority contained in the face of the note, it was the duty of the bank to apply the deposit of Richards to the satisfaction of the note, and, having failed to do so under the circumstances alleged, the appellee was not entitled to recover against those liable as sureties or indorsers of the note. This contention is not sustained. We are of the opinion that the provision of the note quoted evidences a right or privilege reserved by the payee bank, to be exercised according to its option, but that there is nothing in the provision making it mandatory upon the part of the payee bank to so appropriate such funds in discharge of any duty toward the sureties.

Most of the remaining propositions complain that the judgment, in any event for attorneys' fees, costs, and interest accruing after the date of maturity of the note, is erroneous, in view of the alleged tender of the amount due on the note. If we are correct in our views expressed in the discussion of proposition No. 1, that no such tender was made, this group of propositions must necessarily be overruled, and no further discussion will be made thereof.

The plaintiff, appellee bank, declared upon a note payable generally and not at any particular place, and purporting to have been made by Richards, Wharton, Miller, Youngblood and Head. The allegation is that Head signed the note on its face. The note introduced appears to have been made payable to the Texas Guaranty Bank at its banking house in the city of Breckenridge, Tex., and the name of L. D. Head appears to have been indorsed only upon the note. The introduction of the note was objected to upon the ground of variance. The variance is asserted to be fatal, and respectable authorities are cited in support of the contention. See Sebree v. Dorr, 9 Wheat. 562, 6 L. Ed. 160; Covington v. Comstock, 14 Pet. 43, 10 L. Ed. 346; Shaw v. Newton, 5 Boyce (Del.) 19, 90 A. 465.

Since the judgment must be reversed for other reasons, it will not be necessary to decide whether the question here raised would alone, under the circumstances, reverse the cause, but the vice complained of will evidently not be injected into the case upon another trial. Further consideration thereof will not be given.

■ The appellee, Texas State Bank, sought to show that it was the successor of the Texas Guaranty Bank, to whom the note was payable, and it endeavored to show this fact by introducing in evidence a set of resolutions adopted by its board of directors and which constituted the initial step to affect the change of names as well as the manner of securing its depositors. The resolutions had been filed and recorded with the county clerk. Testimony was objected to upon various grounds, but was admitted by the court. Since the identity of the plaintiff and payee (bank) in the note was fully established by other testimony, not objected to, the error, if any, was harmless. The ninth proposition is overruled.

For the reasons assigned, the judgment of the trial court will be reversed and the cause remanded.