## OWEN v. CITY OF EASTLAND.
### No. 842.

Court of Civil Appeals of Texas. Eastland.
April 10, 1931.

Frank Judkins and Grisham Brothers, all of Eastland, for plaintiff in error.

Turner, Seaberry & Springer, of Eastland, for defendant in error.

FUNDERBURK, J.

The city of Eastland brought suit against Briggs Owen to recover the amount of a special assessment for a street improvement and to foreclose a lien upon a certain lot or tract of land situated in Eastland. Plaintiff's petition was filed February 27, 1924. The defendant, by his attorneys, Grisham Bros., on April 16, 1924, filed an answer consisting of a general demurrer and general denial. On January 26, 1926, the case was dismissed for want of prosecution; the order of dismissal reciting that the action was taken on motion of defendant's attorney. On January 6, 1927, plaintiff filed a motion, entitled "Motion to set aside order of dismissal." The only allegations of the motion showing the nature or merits of plaintiff's cause of action were: "That in truth and in fact plaintiff has a valid cause of action against the defendant, as set forth in the original petition filed in said cause on February 27th, 1924, *reference to which is here made for all purposes.*" (Italics ours.) The prayer of the motion was as follows: "Wherefore, premises considered, plaintiff prays notice of this motion be served on defendant *or his attorneys* (italics ours) and that, upon a hearing hereof, and in order that justice be done, the order heretofore made by the court be set aside and that said cause be reinstated for trial on the docket of said court." A precept to serve said motion and the return thereof shows service upon Grisham Bros. as attorneys for the defendant. On March 17, 1930, plaintiff filed an amended motion, praying that same be treated as a bill of review, and in which the original petition was expressly adopted as a part of the motion; it being further recited that said peti-

tion was "hereto attached." The transcript does not show that such petition was in fact attached as an exhibit to the motion. On the same day, that is, March 17, 1930, the court rendered judgment for plaintiff, setting aside the former order of dismissal and awarding a recovery on the assessment certificates, with foreclosure of lien, etc. From this judgment the defendant has prosecuted a writ of error to this court.

██ Plaintiff in error insists, among other things, that the trial court, by the order of dismissal, lost jurisdiction over the person of the defendant to render said judgment. We have reached the conclusion that this assignment should be sustained. The judgment under review is one by default. It affirmatively shows that there was no appearance by the defendant. If it be conceded that the motion to set aside the judgment of dismissal and the amended motion for that purpose, either or both were sufficient as a bill of review to invoke the equitable jurisdiction of the court to set aside the order of dismissal as a means of awarding relief to the applicant, it was necessary that the defendant be cited as in ordinary cases, or that he waive citation or enter an appearance. It is settled, we think, in case of a default judgment, when under attack by appeal or writ of error, and which affirmatively shows, as this does, that there was no appearance by the defendant, the transcript must affirmatively show that citation was served or there was a waiver thereof. Head v. Texas State Bank (Tex. Civ. App.) 16 S.W.(2d) 298, and authorities there cited.

██ Except under the special circumstances provided in Revised Statutes 1925, art. 2236, there is no such procedure as granting a new trial after the close of the term in which a judgment is rendered. In Overton v. Blum, 50 Tex. 423, it is said: "Although the contrary might be inferred from some of the earlier decisions ([Gross v. Mc-Claran] 8 Tex. 342; [McKean v. Ziller] 9 Tex. 58; [Goss v. McClaren] 17 Tex. 114 [67 Am. Dec. 646]) it must now be regarded as settled that a new trial is never in fact granted after the adjournment of the term of the court at which the judgment is rendered, no matter what are the grounds urged in support of the application." Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100. When the law permits equitable relief against a judgment, the proceeding is in effect a new suit in which the avoidance of the former judgment is but a part of the means by which the rights of the parties are settled in one judgment. Such a case is tried upon the allegations of the new petition and the answer of the other party. Keator v. Case (Tex. Civ. App.) 31 S. W. 1099; O'Neill v. Brown, 61 Tex. 39; Taylor v. Fore, 42 Tex. 256;

Roller v. Wooldridge, 46 Tex. 485; Head v. Texas State Bank (Tex. Civ. App.) 16 S. W.(2d) 298; Raymond v. Conger, 51 Tex. 536.

We doubt if the original motion to set aside the judgment was sufficient as a bill of review. The nature of the relief prayed for indicated that the pleader at that time only sought to have the order of dismissal set aside and sought no other relief. The motion was very similar to that considered in Jirou v. Jirou (Tex. Civ. App.) 136 S. W. 493. It is unnecessary, however, for us definitely to pass upon this question. It is likewise unnecessary for us to determine whether or not the amended motion be sufficient as a bill of review. It was clearly intended as such. In view of another trial, it is proper to say that we regard it as subject to criticism. If the original petition be regarded as an exhibit to the new petition or motion, there is good authority for the proposition that an exhibit cannot be made to supply the omission of the allegation of necessary facts. Wynne v. State Nat. Bank, 82 Tex. 378, 17 S. W. 918; Macdonnell v. I. & G. N. Ry. Co., 60 Tex. 590; Pool v. Sanford, 52 Tex. 621; Burks v. Watson, 48 Tex. 107.

It has also been held that, to make an exhibit to a pleading, it is necessary that the instrument, or a copy thereof, be attached to it or filed with it. Blum v. Moore, 91 Tex. 273, 42 S. W. 856. Before the case is tried again, amendment of the pleadings may and should be made.

For the reason discussed, it is our opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.