## M. C. & W. B. BURDITT v. MARY A. HOWTH.

1. RECITALS—PRACTICE IN SUPREME COURT.—On appeal, where the record does not show service on, or appearance by the defendants, a recital in the judgment by default that the defendants were duly served with process, will not be considered evidence of service so as to sustain the judgment; otherwise, when the judgment is collaterally attacked.

2. PRACTICE—WAIVER OF CITATION.—An agreement in writing between parties to a suit, by which defendants provide for payment of notes sued on, is not of itself a waiver of citation such as to authorize judgment by default against parties not served with citation, nor parties to the contract.

ERROR from Washington. Tried below before the Hon. I. B. McFarland.

April 3, 1865, Mary A. Howth sued J. A. & M. C. Burditt, and alleged that the "defendants are justly indebted to the petitioner upon two promissory notes, executed by defendants and delivered to your petitioner, both dated the 30th day of November, 1863, and due January 1, 1865; one for the sum of $850, and the other for the sum of $550, with interest at ten per cent. from January 1, 1865;" * * * "that defendants neglect and refuse to pay the same."

Attachment was sued out and levied. No service of citation appears to have been had.

August 2, 1872, amended petition was filed, making W. B. Burditt a party defendant. The amendment set up the following agreement:

"MARY A. HOWTH

*v.*    } Attachment against J. A. Burditt.

"J. A. & M. C. BURDITT.

"The following agreement is this day made in the above case: The said J. A. & W. B. Burditt have drawn a draft on James A. Thompson & Co., for the sum of six hundred dollars, payable out of freights of the present loading of the teams of W. B. & J. A. Burditt, and it is agreed that the attachment shall be discharged, and it is further agreed that upon the return of said J. A. & W. B. Burditt's train, the balance upon the two notes described in the above case shall be paid, and if any disagreement arises in relation to the same, it shall be referred to three men disinterested, and the balance due paid on their return. And W. B. Burditt agrees and obligates himself to pay the balance due on the return of said train; and upon the payment of the balance, plaintiff agrees to dismiss the said suit. April 3, 1865.

"(Signed)        J. A. BURDITT.

"W. B. BURDITT.

"J. D. GIDDINGS, *Plaintiff's Attorney.*"

Citation was served on W. B. Burditt.

October 11, 1872, judgment final by default was rendered for plaintiff and against all the defendants, (the judgment reciting "that all of the defendants have been duly served with process") for $2,283.88.

M. C. & W. B. Burditt, by writ of error, brought the case to this court.

There was no statement of facts. Copies of two notes are in the transcript, payable "in good marketable cotton, well baled, at ten cents per pound, delivered at the Howth plantation, four miles above Hempstead."

*Sayles & Bassett*, for appellants.

I. *The petition shows no cause of action.*

Gould's Pl., 75, sec. 44; Bledsoe *v*. Willis, 22 Tex., 650; Jennings *v*. Moss, 4 Tex., 452: Frazier *v*. Todd, 4 Tex., 461; Ross *v*. Breeding, 13 Tex., 16; Malone *v*. Craig, 22 Tex., 609; Sneed *v*. Moodie, 24 Tex., 159; Thigpen *v*. Mundine, 24 Tex., 282; Moody *v*. Benge, 28 Tex., 545; Parr *v*. Nolen, 28 Tex., 798; Colbertson *v*. Beeson, 30 Tex., 76.

II. *The judgment is rendered against parties upon whom the pleadings have not been served.*

The amended petition modifies the original cause of action, and judgment against all of the defendants, including M. C. Burditt, who was not a party to the agreement, was based on this amendment.

The amendment should have been served upon J. A. & M. C. Burditt, not only for the purpose of informing them of the action then sought, but also of advising them that a third party was brought into the suit. (Morrison *v*. Walker, 22 Tex., 18; Weatherford *v*. Van Alstyne, 22 Tex., 22; De Walt *v*. Snow, 25 Tex., 320; Furlow *v*. Miller, 30 Tex., 28.)

III. *There was a judgment by default, and damages were assessed by the clerk when the damages were not liquidated.*

The notes sued on were payable in cotton, at ten cents per pound, and it has been held that the measure of damages was the value of the cotton at the time of delivery. (Price *v*. Justrobe, 1 Harper, 111; Wilson *v*. George, 10 N. H., 445; Hixon *v*. Hixon, 7 Humph.) And it was so decided in Ranger *v*. Hearn, by the Supreme Court of this State.

At all events, the contract of J. A. & W. B. Burditt clearly shows their undertaking not to pay the amount of the two notes, but to pay the balance upon the two notes; and that balance was not to be ascertained by deducting the sum of $600, for which a draft was then given, but was to be ascertained by the parties, who stipulated: "That if any agreement arises in relation to the same, it shall be referred to

three men disinterested, and the balance due paid on their return."   *   *   *

IV. *The notes upon which the damages were assessed are not the notes described in plaintiff's petition.*

In Trabue *v.* Stonum, 22 Tex., 453, it is said, " The statute contemplates in the assessment of damages by the clerk (when the defendant makes default, and the cause of action is liquidated and evidenced by writing) an *ex parte* proceeding, in which the writing sued on is produced by the plaintiff before the court. If the writing produced be clearly not the instrument set out in the petition, it would be the duty of the court not to permit it to be the foundation of any assessment by the clerk. And to the same effect are Holland *v.* Cook, 10 Tex., 244, and Harland *v.* Hendricks, 19 Tex., 292.

The petition alleges that the defendants are justly indebted to petitioner upon two promissory notes, executed by said defendants and delivered to petitioner, both dated the 30th of November, 1863, and due January 1, 1865; one for the sum of $850 and the other for the sum of $550, with interest at 10 per cent., &c. The notes filed with the clerk, upon which damages are assessed, are for the sums of $850 and $550, payable in good marketable cotton, well baled, at ten cents per pound, &c.

Whatever may be the rule as to the measure of damages on the notes in suit, the legal effect of the contract is not affected by it. The notes did not bind the parties absolutely to the payment of money, because, on the day of their maturity, the obligation could have been discharged by the delivery of cotton. The allegation of plaintiff's petition is, that defendants promised plaintiff to pay her $550 and $850 on the 1st of January, 1865. The notes produced to the clerk show a promise to pay these sums in cotton. If the defendants had relied as a defense upon performance or tender, in order to make their plea intelligible they would have been compelled to describe the instrument again, and to have set out the fact that does not appear in the petition, that the

notes were payable in cotton, in order to show the pertinency
of their plea of having paid or offered to pay in cotton.    The
same instrument cannot have two different legal effects.    One
or the other of these descriptions of the instrument sued is
variant from the truth.

The rule in regard to the statement of the contract is ele-
mentary.    " The plaintiff being bound to state his contract
correctly, it follows that a misstatement of the quality or
nature of the defendant's promise and his consequent liability
will be a fatal error, and will, if the defendant's pleas put the
fact in issue, subject the plaintiff to a nonsuit.    Thus, when a
contract is made in the alternative, as to deliver one or other
of two specified quantities of goods at a particular time, it
must be stated in the declaration according to the original
terms, and if stated as an absolute contract, it will be a fatal
variance, notwithstanding the party, who, under the agree-
ment, was to have the option of deciding on the particular
quantity, may have determined his option; for the mode of
executing the contract could not change the original contract
itself.    (1 Chit. Pl., 308.)    It will not be questioned that on
the day of the maturity of the notes defendants might have
paid them in money or cotton; and although this option was
determined, and their liability for the money might have
been fixed by their failure to deliver the cotton on the day
named, the mode of executing the contract could not change
the contract itself.    Thus, a conditional contract must not be
set forth as an absolute one, although the condition has been
performed.    (Stanwood *v.* Scovel, 4 Pick., 422; Sewer *v.*
Winters, 7 Cowen, ·261; Couch *v.* Hooper, 2 Leigh, 557;
Whitaker *v.* Smith, 4 Pick., 83; Wait *v.* Morris, 6 Wend.,
394.)

*Shepard & Searcy*, for defendant in error.

MOORE, ASSOCIATE JUSTICE.—The record does not show
that any citation was ever issued to or served upon either of

the original defendants. It is, however, insisted by appellee that, as the judgment recited that all the defendants were duly served with process, the fact of service cannot be controverted, but must be presumed. In support of this proposition we are cited to the case of Curry v. York, 3 Tex., 357. But this case has no application to a question such as is here presented. It merely holds that, in the absence of a statement of facts, it will be presumed that the evidence was sufficient to support the verdict.

It is a generally-recognized rule that, when a domestic judgment is brought collaterally in question, the recital of service of process cannot be inquired into or impeached. But if such a doctrine has ever been recognized or held applicable by this court when the case itself is brought up by error or appeal for correction, we are not aware of it. That the court has assumed jurisdiction of the parties, when in fact it had not acquired it, may be the very error sought to be corrected. In the case of Blossman v. Letchford, 17 Tex., 649, Hemphill, C. J., says: "True, there is a recital in the judgment that it appeared to the court that service by publication had been perfected, as required by law; but this is insufficient, at least on error or appeal."

It is also claimed, although no service may have been had upon the original defendants, yet, by the agreement brought into the case by the amended petition, they, in effect, waived service, and made a voluntary appearance. But this was a mere private agreement; and, though it had reference to the suit, it was not a paper in it until made so by the amended petition, filed by the plaintiff almost five years after its execution. But if this agreement had the effect claimed for it by appellee, it would not remove the objection to the judgment; for the defendant, M. C. Burditt, is not a party to it, and as to this one of the defendants it cannot be claimed that the record shows either service of process or a voluntary appearance.

The same reply may be made to appellee's answer to the

objection, that the facts alleged in the petition are not suffi-
cient to authorize the judgment; that although the original
petition will not support the judgment, it is warranted by this
agreement and the averments in the amended petition.

That the original petition is defective, seems to be ad-
mitted by appellee, and certainly it cannot be held otherwise
without overturning many of the former decisions of this
court. But as the various objections to it, as well as amended
petition, will in all probability be obviated upon another trial
of the case, we need not consume time in commenting upon
them.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.