E. P. McMICKLE ET AL. V. TEXARKANA NATIONAL BANK.

No. $\frac{9}{287}$.

**1. Suggestion of Delay.**—When defendant in error causes the record to be submitted on suggestion of delay, and it appears therefrom that the judgment was by default, without citation or appearance by answer or otherwise on the part of the defendant in the court below. plaintiff in error here, the judgment. will be reversed and the cause remanded.

ON MOTION FOR REHEARING.

**2. Same—Transcript.**—Where the pleadings and judgment fail to disclose an appearance in person or by attorney, the citation and return must be contained in the transcript. Although it is shown by the motion that in fact due process was served, and that the transcript was taken out and filed by plaintiff in error, yet by filing suggestion of delay defendant in error assumed responsibility for the correctness of the record.

**3. Same — Certiorari to Perfect Record.** — The right to a certiorari does not extend beyond the date of the submission of the cause. After the cause has been submitted the writ will be denied.

ERROR from the County Court of Bowie. Tried below before Hon. W. W. DILLARD.

*P. A. Turner,* for plaintiffs in error.

*Henry & Henry,* for defendant in error, upon the motion for rehearing,. cited Burr v. Lewis, 6 Texas, 76; Rule 64; Laws of spec. sess. 22nd Leg., p. 32, secs. 41, 44.

STEPHENS, ASSOCIATE JUSTICE.—Appellee has caused this record to be submitted on suggestion of delay, and thereby asserted the correctness of the judgment and invited an inspection of the record without reference to the errors assigned. In the discharge of this duty we find a judgment by default, without citation or appearance by answer or otherwise on the part of the defendant in the court below, plaintiff in error here, and therefore must reverse the judgment and remand the cause for a new trial. Burditt v. Howth, 45 Texas, 466; Batey v. Dibrell & Bro., 28. Texas, 173; Riggs v. Horde, 25 Texas Supp., 456.

*Reversed and remanded.*

Delivered June 14, 1893.

ON REHEARING.

FINLEY, ASSOCIATE JUSTICE.—September 2, 1891, the defendant in error filed suit in the County Court of Bowie County against E. P. Mc-Mickle, Mrs. Matilda Levy, and Peter Ivy, on a promissory note for $235,

principal, interest, and attorney fees. October 29, 1891, judgment by default was rendered against the original defendants for the amount claimed in plaintiff's petition, and on Februrry 6, 1892, the defendants in said judgment, E. P. McMickle and Mrs. Matilda Levy, filed their petition and bond for writ of error, and on the 25th of August, 1892, the defendant in error, by its attorneys of record, entered in writing upon said petition in error a waiver of the issuance and service of citation. Plaintiffs in error filed an assignment of errors in the court below, applied for and obtained a transcript of the record, and in due time filed the same in the Court of Civil Appeals for the Second District. Defendant in error first submitted the case on a motion to affirm as on certificate, upon the ground that plaintiffs in error had failed to prosecute their writ of error, in this, that they had filed no briefs in the court below or appellate court; this motion was overruled by the court—the failure to file briefs furnishing no valid reason for affirmance as upon certificate. The defendant in error then filed, and submitted the case upon, a suggestion of delay. The court, on examination of the record, found that it appeared therefrom that judgment by default was rendered in the court below without citation being issued and served upon the defendants, and without voluntary appearance by them. On account of this error apparent from the record, the court declined to consider the appeal as being prosecuted for delay, but reversed and remanded the cause for a new trial. A motion for rehearing was then filed by defendant in error, and the cause was transferred to this court from the Second District, with the motion pending, and this court is now called to act upon it.

The grounds upon which a rehearing is sought are, in substance, as follows:

1. The judgment recites that service was had upon the defendants.

2. The transcript was taken out and filed in the appellate court by plaintiffs in error.

3. There was citation issued and served upon defendants, and in verification of this statement a certified copy of the citation and return of the sheriff thereon, showing legal notice to the defendants, is attached to the motion.

Upon this showing, this court is asked to set aside the previous order of reversal, and upon the record, as it now stands, affirm the case with damages, upon the suggestion of delay.

It is a sufficient answer to the first ground of the motion to say, where the pleadings and judgment fail to disclose an appearance in person or by attorney, the citation and return must be contained in the transcript. Sayles' Civ. Stats., arts. 1411, 1412; Rules for Dist. Cts., 85.

It is shown in the motion, that in fact due process was served, and responsibility for the failure of the transcript to contain a copy of the citation and return of the sheriff thereon is sought to be avoided by reason

of the fact that plaintiffs in error took out the transcript and filed it in the appellate court.

By filing a suggestion of delay, the defendant in error invited a close scrutiny of the record; asserted thereby that the judgment was legally rendered, and that it was apparent from the record that no errors were committed on the trial, and that the writ of error was prosecuted for delay, and asked damages provided by law as a penalty for delay. By taking this course responsibility for the correctness of the record was assumed in the fullest sense.

Under the law, either party can take out a transcript and file it in the appellate court (Sayles' Civil Statutes, article 1410; Rules 3 and 4); and if the transcript filed be defective or incomplete, upon application at the proper time, this court will grant a writ of certiorari to perfect the record. Rule 11, Ct. Civ. App. Every reasonable facility is afforded under the law to all parties to present to this court, on submission of a case, a perfect record of the proceedings of the trial court for review; but there is no law or practice of the appellate courts of this State authorizing a correction of the records after it has been submitted to the court for decision. Indeed, it has long been the established practice of our Supreme Court to confine the right of correcting the record to the time preceding the submission of the cause. Ross v. McGowan, 58 Texas, 608; Railway v. Scott, 78 Texas, 360.

In the case of Ross v. McGowan, the court says: "After a cause is once submitted upon a transcript supposed to be correct, and as the parties have made no objection to it, and we have decided it upon such transcript, we can not undertake to re-examine such cause because the counsel for either party discovers a defect in the transcript, which, if supplied, might possibly lead us to a different conclusion. A mistake in the pleadings or facts of a single word might influence the decision. This discovered and remedied, a new opinion, framed to suit the altered record, might itself be set aside upon the discovery of some other error; and so on to numberless changes in the transcript and the decision upon it. This practice can not, of course, be allowed; and to prevent it, the right to a certiorari must be limited to some point in the proceedings, which must not extend beyond the date of the submission of the cause to the court for decision."

This rule of practice in the appellate courts of the State, long ago plainly established by our Supreme Court, as we believe upon sound reason, must govern this court.

Therefore, the motion for rehearing is overruled.

*Motion overruled.*

Delivered September 13, 1893.