MAYHEW & COMPANY v. MRS. J. C. HARRELL ET AL.

Decided November 13, 1909.

**1.—Promissory Note—Married Woman—Pleading.**

In a suit against a husband and wife as makers of a promissory note and against the endorser of the note, the husband and wife made default, and judgment was rendered against the husband and the endorser but not against the wife; there was nothing in the pleadings of either the plaintiff or the endorser to disclose the fact that the two makers of the note were husband and wife, but the court found such to be the fact. The endorser, by cross plea, prayed for judgment over against the makers, but the record failed to show that any notice of this cross plea was served on them. Held, while the plaintiff might have complained of the failure to render judgment against the wife, the endorser could not do so.

**2.—Co-defendant—Cross Plea—Notice—Default.**

Where, in a suit against the maker and endorser of a promissory note the maker fails to appear and judgment is rendered against him by default, the court is without jurisdiction to render judgment awarding affirmative relief prayed for by the endorser over against the maker in the absence of service of

citation upon the maker on such cross plea; and upon appeal service of citation or appearance by the maker must be shown otherwise than by recitals in the judgment.

**3.—Promissory Note.—Maker and Endorser—Cross Plea—Default—Pleading.**

In a suit against the maker and endorser of a promissory note, the maker failed to appear and judgment was rendered against him by default; the endorser answered, among other things, that certain policies of fire insurance had been hypothecated by the maker with the plaintiff as security for the payment of the note; that the property on which the policies were issued had been destroyed by fire, and prayed that the plaintiff be required to exhaust said security before execution should issue against the endorser; plaintiff's pleading contained no allegation or prayer concerning said security. Held, because the record failed to show any citation to the maker upon the cross plea of the endorser, the court was without authority to decree a foreclosure of the lien upon the policies of insurance as against the maker of the note in whose favor they were issued.

Error from the District Court of Eastland County. Tried below before Hon. J. H. Calhoun.

*Stubblefield & Patterson,* for plaintiff in error.—The court having found that the note sued upon was executed by J. J. Wright and Mattie M. Wright, severally, and that such note was endorsed and guaranteed by Mayhew & Company, and there being no pleadings setting forth that Mattie M. Wright was a married woman, it was error for the court to render judgment against J. J. Wright and Mayhew & Company, and in not rendering judgment against defendant Mattie M. Wright. Houston E. & W. T. Ry. Co. v. Skeeter Bros., 98 S. W., 1065 (and cases cited).

The court having adjudged that the defendants, J. J. Wright and Mattie M. Wright, were severally the makers of the note sued upon, and that defendant Mayhew & Company were merely endorsers or guarantors of such note, and there being no pleadings to the effect that Mattie M. Wright was a married woman and not liable as maker of such note, the defendant Mayhew & Company having prayed judgment against said makers, J. J. Wright and Mattie M. Wright, jointly and severally, for such sums as the court might adjudge against it by reason of such guaranty on its part, and said court having rendered judgment against said Mayhew & Company as said guarantor, it was error for the court not to render a judgment in favor of Mayhew & Company against said makers, J. J. Wright and Mattie M. Wright, jointly and severally, for such amount as was rendered against it, the said Mayhew & Company.

*Scott & Brelsford,* for defendant in error.

DUNKLIN, Associate Justice.—J. J. Wright and Mattie M. Wright executed their promissory note in favor of Mayhew & Company, a corporation, for one thousand dollars. The payee endorsed and delivered the note to Mrs. J. C. Harrell, who sued the makers and endorsers. Judgment was rendered in favor of the plaintiff against J. J. Wright as principal and Mayhew & Company as endorser for the amount due on the note, but the court found that

Mattie M. Wright was a married woman at the time she executed the note; that no facts existed to render her personally liable thereon or which would subject her separate property to the payment of the same, and upon such findings judgment was rendered in her favor.

By plea over against J. J. Wright and Mattie M. Wright, Mayhew & Company alleged that it was liable on the note as an endorser only, and prayed that in case of recovery by plaintiff execution should first issue against the makers of the note as provided by the statutes, and that Mayhew & Company should have judgment over against the two makers for any sum it might pay on said judgment. In its answer Mayhew & Company further alleged that two fire insurance policies on property since destroyed by fire had been hypothecated to secure payment of the note sued on; that suits had been instituted by J. J. Wright to collect the policies against the companies issuing them, and upon those allegations Mayhew & Company prayed that this suit be abated and that plaintiff, Mrs. J. C. Harrell, be required to exhaust such security before recovering judgment in this suit.

The trial court found that the suits to collect the policies were pending, and adjudged that Mayhew & Company was subrogated to all the rights of J. J. Wright and Mattie M. Wright in and to those policies and the proceeds thereof. After reciting appearance of plaintiff and defendant Mayhew & Company the judgment contained the following further recital: "The defendants J. J. Wright and Mattie M. Wright, although duly cited to appear and answer herein, came not, but wholly made default."

None of the pleadings of plaintiff or defendant Mayhew & Company contained any allegation that Mattie M. Wright was a married woman. Mayhew & Company has prosecuted this writ of error, and by various assignments insists that the trial court erred in failing to render judgment in favor of plaintiff and Mayhew & Company against Mattie M. Wright as well as against J. J. Wright. Plaintiff in the suit has not complained of a failure to enter such judgment in her favor. The record fails to show any service of citation upon J. J. Wright or Mattie M. Wright to answer the cross-plea against them.

The cross-plea was for affirmative relief against those defendants, but they never appeared nor filed answers of any character, and in the absence of service of citation on the cross-plea the court was without jurisdiction to render judgment awarding any affirmative relief prayed for therein as against those defendants. (Harris v. Schlinke, 95 Texas, 91; Kruegel v. Bolanz, 100 Texas, 572; Johnston v. Fraser, 92 S. W., 49; Field v. O'Connor, 80 S. W., 872.) And this is true, even though it should be held that the recital in the judgment of due service upon J. J. Wright and Mattie M. Wright should be construed as meaning due service upon the cross-plea, as well as upon plaintiff's petition. If judgment had been entered upon the cross-plea, it would have been by default, and to sustain such a judgment upon appeal the record must show an appearance by defendants or else service aside from recitals in the judgment. (Burditt v. Howth, 45 Texas, 466; Carlton v. Miller, 2 Texas Civ. App.,

619, and authorities there cited; Shook v. Laufer, 84 S. W., 277; Smithers v. Smith, 35 Texas Civ. App., 509.)

The foregoing disposes of all assignments of error except the sixth, which reads as follows: "The court erred in not adjudging that plaintiff should exhaust her security against the mortgaged property, or fire policies covering same, given to secure the note sued on, before execution be issued against Mayhew & Company." Plaintiff did not allege the existence of the insurance policies, nor ask any forclosure lien thereon, either in her original petition or after they had been pleaded by defendant. Consequently, plaintiff's pleadings did not warrant a foreclosure of lien on the policies. The policies were in favor of J. J. Wright, and as the record fails to show legal service of any citation on him upon the cross-plea of Mayhew & Company, the court was also without authority to decree a foreclosure of the lien with the cross-plea as a basis for the foreclosure. However, the court did decree that Mayhew & Company was subrogated to all the rights of J. J. Wright in the policies and their proceeds, and J. J. Wright makes no complaint of this decree.

Mayhew & Company in their answer pleaded that the plaintiff's suit should be abated until suits upon the policies should be disposed of, to the end that any proceeds therefrom should be first applied to the note sued on before trial of this suit, but no assignment of error has been prosecuted complaining of the action of the court in failing to abate the suit. Furthermore, the record contains no statement of facts, and there is not even a recital in the judgment to show that the policies of insurance were of any value. The sixth assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.

*Affirmed.*