LEARD v. Z. D. & J. W. AGNEW.

(Court of Civil Appeals of Texas. Amarillo. March 16, 1912.)

1. INTERPLEADER (§ 20*)—PROCESS—SERVICE —COPY OF CROSS-COMPLAINT.

The return of service of process upon an interpleaded cross-defendant was defective, where it did not show that he was served with a certified copy of the cross-complaint.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 42; Dec. Dig. § 20.*]

2. INTERPLEADER (§ 20*) — CITATION — PARTIES.

A citation to an interpleaded party against whom defendants filed a cross-action was defective for citing him to answer only the petition of plaintiff, who did not interplead him, and for stating that plaintiff was seeking to recover against him.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 42; Dec. Dig. § 20.*]

3. INTERPLEADER (§ 20*)—CITATION—RECITALS—NAMES OF PARTIES.

A citation to an interpleaded party against whom defendants filed a cross-action was defective for not giving the names of all the parties to the suit.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 42; Dec. Dig. § 20.*]

Error from District Court, Lubbock County; W. R. Spencer, Judge.

Action by the Alfalfa Lumber Company against Z. D. & J. W. Agnew, in which J. N. Leard was interpleaded, and against whom defendants filed a cross-action. Default judgment against Leard, and he brings error. Reversed and remanded.

Hertzberg & Barrett and B. W. Teagarden, all of San Antonio, for plaintiff in error. H. C. Ferguson, of Lubbock, for defendants in error.

HALL, J. On August 24, 1910, the Alfalfa Lumber Company filed a suit in the district court of Lubbock county against Z. D. and J. W. Agnew on a written agreement for the sale of certain lumber and material. The plaintiff lumber company sought no recovery against plaintiff in error herein.

On November 2, 1910, defendants in error filed their first original answer, praying that plaintiff in error, Leard, be made a party, and for recovery over against him. On November 30, 1910, they filed an amended answer and cross-action against plaintiff in error. No citation was issued upon the amended answer, and at the May term, 1911, judgment by default was taken against plaintiff in error. On November 2, 1910, a citation was issued and served upon plaintiff in error, and both the process and return are assailed by him for the following reasons: (1) Because the statement of the nature of the demand against him is not sufficient. (2) The return of the officer does not show that plaintiff in error was served with certified copy of the cross-action against him. (3) The citation cites plaintiff in error to answer only the petition of the plaintiff who does not implead him. (4) The citation states that the plaintiff in the court below was seeking to recover against him. (5) Because he is cited to answer the plaintiff's petition only and not the cross-action filed by the Agnews. (6) Because it failed to give the names of all the parties to the suit. The judgment is assailed (1) because it is rendered on an amended cross-action, of which there was no service or notice to plaintiff in error; and (2) because the cross-action itself is subject to a general demurrer, and not sufficient to support the judgment by default.

[1-3] Plaintiff in error was not a resident of Lubbock county, and made no appearance in the court below. An inspection of the record shows the process to be defective in all of the particulars above set out and in others not necessary to mention, and in this condition it was not sufficient to support the judgment by default, and will require a reversal. Bilby v. Rodgers, 125 S. W. 616; Leavitt v. Brazelton, 28 Tex. Civ. App. 3, 66 S. W. 466; Twichell v. Askew, 141 S. W. 1072; Mayhew v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957.

We have read the cross-action, and do not think it subject to a general demurrer, but it is clearly subject to the special exceptions embodying the objections to it urged in the brief filed by plaintiff in error.

Because the process and service thereof are insufficient to support the judgment by default, the judgment is reversed, and the cause remanded.