## GILLES v. MINERS' BANK OF CARTERVILLE, MO. (No. 892.)

(Court of Civil Appeals of Texas. Amarillo. March 8, 1916.)

1. APPEAL AND ERROR ☞493—JUDGMENT BY DEFAULT—RECORD—SERVICE OF CITATION.

On appeal from a judgment by default prosecuted in the suit in which the same was rendered, the judgment will be reversed, unless the record contains a citation showing due service thereof, or an appearance by defendant, even though the judgment contains a recital that defendant was duly served with citation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2282–2284; Dec. Dig. ☞ 493.]

2. VENDOR AND PURCHASER ☞285(2)—FORECLOSURE OF LIEN—DEFECTIVE JUDGMENT.

A default judgment foreclosing a vendor's lien on several tracts of land, omitting a call for the west side of one of the tracts altogether, thus describing no property, was defective.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 801, 802; Dec. Dig. ☞285(2).]

3. JUDGMENT ☞17(8) — DEFAULT — AMENDMENT OF PETITION—NOTICE.

In a suit to foreclose a vendor's lien on several tracts of land, the amended petition, which, in its description of a tract, varied to such an extent from the description set out in the original petition that it described different land, set up a new cause of action, of which defendant should have had notice to make judgment by default valid and binding.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. ☞17(8).]

Error from District Court, Deaf Smith County; D. B. Hill, Judge.

Suit by the Miners' Bank of Carterville, Mo., against Albert C. Gilles and others. To review a judgment for plaintiff, the named defendant brings error. Judgment reversed, and cause remanded.

Russell & Dameron, of Hereford, for plaintiff in error. Gilliland & Estes, of Hereford, for defendant in error.

HALL, J. Defendant in error bank filed this suit in the district court of Deaf Smith county, April 10, 1914, against P. L. Vasse, W. G. Bryant, and Albert C. Gilles, alleging that defendant Bryant sold to defendant Vasse certain lands in Deaf Smith county; that Vasse executed as part payment therefor a certain promissory note in the sum of $4,500; that thereafter Vasse conveyed by deed said lands to defendant Gilles, the latter assuming payment of said note; that Gilles was still the owner of the land; that Bryant assigned and transferred said note to plaintiff bank. The prayer was for citation, for judgment against each of the defendants, and foreclosure of the vendor's lien on the several tracts of land. The petition discloses the fact that plaintiff and all of the defendants are nonresidents of this state. Notices to serve nonresident defendants were issued and served upon the defendants P. L. Vasse and W. G. Bryant, October 27, 1914, defendant in error bank filed its first amended original petition, and no process was ever issued or served after the filing of said amendment. Appellant insists that the amendment describes altogether different land from that described in the original petition. Seven days after filing the amended petition, judgment by default was taken against all of the defendants, according to the prayer in the pleading. The judgment recites that "the defendants and each of them, though duly cited, having failed to appear and answer in this behalf," etc. The record contains no notice to serve nonresident defendant, nor shows

that any other process was served upon plaintiff in error Gilles.

[1] As said by Dunklin, Justice, in Bomar et al. v. Morris et al., 126 S. W. 663:

" * * * On appeal from a judgment by default prosecuted in the suit in which the same was rendered, the judgment will be reversed unless the record contains a citation showing due service thereof or an appearance by defendant, even though the judgment contains a recital that defendant was duly served with citation. Mayhew & Co. v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957, and authorities there cited; Glasscock v. Barnard [58 Tex. Civ. App. 369], 125 S. W. 615."

See, also, Bonner Oil Co. v. Gaines, 179 S. W. 686, and authorities there cited.

This will require a reversal of the judgment.

[2, 3] Complaint is further made that the judgment is defective, in that the calls in the description of one of the tracts of land runs north from the beginning corner 1,161 varas, the next call being south 1,611 varas, and omits a call for the west altogether, thus describing no property. This contention must also be sustained. One of the tracts generally described as survey No. 2, without giving the number of the block, is described in the original petition as beginning at a mound and semicircular trench the northwest corner of J. H. Wills' pre-emption survey. It is described in the amended petition as beginning at the northwest corner of the Mathew Wilson pre-emption survey, and varies to such an extent, in the particular description as set out in the original petition, that in our opinion it describes different land—thus constituting a new and different cause of action. Defendants therefore should have had notice of the filing of the amendment, in order to make the judgment by default valid and binding.

For the reasons stated, the judgment is reversed, and the cause remanded.