PALOMAS LAND & CATTLE CO. v. GOOD et al. (No. 545.)

(Court of Civil Appeals of Texas. El Paso. March 30, 1916.)

1. APPEAL AND ERROR ⬡⇒608(1)—TRANSCRIPT—COPY OF PROCEEDINGS—STATUTE.

Rev. St. art. 2109, provides that the transcript shall contain a full and correct copy of all the proceedings had in the case, and article 2110 provides that, if the pleadings or the judgment show an appearance of the defendants in person or by attorney, the citation and return shall not be copied in the transcript. A transcript showed the filing of the petition contained in the record, the jurisdiction of the trial court over the cause of action, that defendant was a nonresident, that its vice president could be found in one of three counties, and a prayer for citation and for an attachment against the property of the defendants and a judgment by default showing that defendant was duly served, that the affidavit for attachment was made and an attachment issued and returned, and the property replevined by defendants on the replevin bond, the introduction of evidence to support the allegations in the petition, with the recital that they were proven to the court's satisfaction, but did not show the affidavit for the attachment, the writ, levy, or return of the attachment, or bringing up the replevin bond. Held not to show the facts necessary to authorize the default judgment against the sureties on the replevin bond, and hence made no case on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2673–2681, 2683, 2684; Dec. Dig. ⬡⇒608(1).]

2. APPEAL AND ERROR ⬡⇒598—TRANSCRIPT—SUBSTITUTE.

Such statutory requirements that the proceedings must be shown by the transcript cannot be supplied by the recitation in the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2639–2644; Dec. Dig. ⬡⇒598.]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Suit by Walter Good and another against the Palomas Land & Cattle Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Turney & Burges, of El Paso, and O. W. Williams, of Ft. Stockton, for appellant. Jno. B. Howard, of Pecos, and Howell Johnson, of Ft. Stockton, for appellees.

WALTHALL, J. Walter Good and Ed Good, Jr., as plaintiffs, filed this suit in the district court of Pecos county, Tex., against the Palomas Land & Cattle Company, defendant, in which cause plaintiffs alleged that they were resident citizens of said Pecos county, and that the defendant "is a corporation created and existing by law, and has its principal place of business in Los Angeles, Cal., and with an office in Columbus, N. M." They further alleged:

"That the defendant is a foreign corporation and has no agent within the state of Texas; that one H. S. Stephenson is a vice president and general manager of said corporation; that the said Stephenson is now temporarily within the confines of this state, to wit, in Foard county, or Pecos county, or El Paso county, Tex., upon whom service may be had herein"—and ask citation to each of said counties.

Plaintiff's cause of action is based upon, or rather grows out of, two contracts; one of date November 18, 1913, between plaintiffs and defendant, for pasturing cattle in plaintiff's pasture near Monahans. The other, of date 20th of May, 1914, provides for the sale of cattle by defendant to plaintiffs in plaintiff's pasture, stating terms, etc. Both of said contracts are executed on the part of the corporation by said Stephenson as its vice president and general manager. Under the first contract, this stipulation occurs:

"The parties of the first part (plaintiffs) agree to receive the cattle at Monahans, Texas, and to return them back to Monahans, Texas, or to the nearest shipping point on the Orient Railroad, free of any and all charges to the party of the second part (defendant) at times designated by said party of the second part."

---

⬡⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The second contract shows agreement to sell all of these cattle by the cattle company to the Goods, but the title to remain in the company until the cattle were delivered and paid for.

The petition alleges that on the 15th day of March, 1914, the cattle company informed the Goods that the cattle then being pastured had been sold, and that the company employed the Goods to round up the cattle about the 21st of April, 1914, and agreed to pay them for said service a reasonable compensation; that the plaintiffs, at their own costs, erected pens, cut the cattle into the several classes to which they belonged, and delivered them at Monahans, as provided in the first contract; and that to perform said service it required more time and expense than would have been necessary to have delivered said cattle in a body as contemplated and agreed in the first contract, and it was for the said additional services and expenses incurred that this suit was brought. They alleged demand and refusal to pay. Plaintiffs prayed for and procured an attachment to be issued and levied on certain cattle and horses, property of the cattle company. They prayed for citation to the counties named, judgment for their debt, foreclosure of the attachment lien, and general and special relief. The company made no answer to the suit, and judgment by default was entered in plaintiffs' favor on September 29, 1915. The judgment is quite lengthy, and we will state it only in outline and substance. It recited that defendant, "though duly cited to appear according to law, wholly made 'default.'" It recited the introduction of the evidence to prove the plaintiffs' claim. It stated that:

"It is ordered, adjudged, and decreed by the court that plaintiffs, Walter Good and Ed Good, Jr., do have and recover of and from the defendant, Palomas Land & Cattle Company, a corporation, the sum of $2,275 and interest on the same at the rate of 6 per cent. per annum from the 1st day of January, 1915, to date of the rendition of this judgment and for all costs in this behalf incurred, of which recovery may be had upon the replevin bond as hereinafter provided, but otherwise execution shall not issue therefor."

It further recited the making of the affidavit for the attachment "so that the court might have jurisdiction over the person of the said Palomas Land & Cattle Company, a foreign corporation, without a permit to do business in the state of Texas"; stated the giving of the attachment bond, the issuance of the attachment writ, the levy of the writ and its return. It further recited:

"Therefore it is ordered, adjudged, and decreed by the court that the attachment lien be and the same is hereby foreclosed in satisfaction of said lien, and that an order of sale be issued, directed to the sheriff of Pecos county, Tex., to sell said property as under execution, if to be found in Pecos county, Tex., and that the proceeds of said sale, if any, be used and paid to the said plaintiffs, Walter Good and Ed Good, Jr., in satisfaction of their judgment and said lien and in satisfaction of all costs accrued herein."

The judgment further recited the replevin of the property by appellant, and the delivery of the property to appellant. The judgment further decreed that plaintiffs have and recover of and from the sureties, naming them, the amount of the judgment, and authorized execution against them.

[1, 2] On October 15, 1915, defendant cattle company filed its motion to set aside the judgment, and, same being overruled, defendant excepted and gave notice of appeal.

Article 2109, Revised Statutes, is as follows:

"The transcript shall, except in the cases hereinafter provided, contain a full and correct copy of all the proceedings had in the case."

Article 2110 provides:

"If the pleadings or the judgment show an appearance of the defendant, in person or by attorney, the citation and returns shall not be copied into the transcript."

The transcript shows the filing of the appellees' original petition, and the petition itself is contained in the record. The jurisdiction of the trial court over the subject-matter of the cause of action is manifest from the petition and the exhibits made a part of the petition. The cause of action stated in the petition is upon an unliquidated demand. The petition shows the appellant to be a nonresident of this state, alleges that the vice president and general manager, Stephenson, can be found in one of the three counties named, and prays for citation, and for an attachment against the property of the appellant. The judgment entered shows a judgment by default, that defendant was duly served but wholly made default, the making of the affidavit for the attachment, the issuance of the writ of attachment, the levy and the return of the writ, the replevin of the property by appellant, the giving of the replevin bond and the names of the sureties on the replevin bond, the introduction of the evidence to substantiate the allegations in plaintiffs' petition, and that the allegations were proven to the satisfaction of the trial court. The court thereupon entered the judgment set out above. The record before us does not conform to the two articles of the statute above recited, in that it does not contain "a full and correct copy of all the proceedings had in the case." It does not show the affidavit for the attachment, the writ, levy, or return. Nor does the record bring up the replevin bond nor show the release of the attached property on the giving of the replevin bond, other than the recitation in the judgment. Judgment is entered against what purports to be the sureties on the replevin bond. All of the attachment proceedings, and the replevin of the property, the giving of the replevin bond, were necessary parts of the proceedings had on the trial of the case. The citation and return, under the statute, must be shown unless the pleadings or judgment show appearance of the defendant. The courts have uniformly held that the recitation in the judgment of

proceedings had is not sufficient to supply the requirement of the statute that the proceedings must be shown by the transcript. It must be remembered that a judgment by default is an ex parte proceeding. In Baum v. McAfee, 117 S. W. 883, Chief Justice Rainey, speaking for the Fifth Court of Appeals, said that parts of the proceedings, although unnecessary to a disposition of the case, cannot be omitted from the record, unless the parties agree in writing with the approval of the judge, as provided in article 2112, R. S.

In Glasscock v. Barnard, 58 Tex. Civ. App. 369, 125 S. W. 615, Justice Speer for the Ft. Worth Court of Civil Appeals said that, where the record shows there was no appearance or waiver, the transcript should contain a copy of the citation duly served on the defendant, aside from the recitation in the judgment. To the same effect is the case of McMickle v. Texarkana National Bank, 4 Tex. Civ. App. 210, 23 S. W. 428; Daugherty v. Powell, 139 S. W. 625. In Bomar et al. v. Morris et al., 59 Tex. Civ. App. 378, 126 S. W. 663, the court held that a judgment by default will be reversed unless the record shows a service of citation or appearance by defendant, even though the judgment contains a recital that the defendant was duly served with citation. To the same effect is Mayhew & Co. v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 959. If it is necessary to show jurisdiction over the person of the defendant, it is equally necessary to show jurisdiction over the property secured by attachment where the trial court enters judgment to foreclose the attachment lien. The same is true as to the replevin bond, where judgment is entered against sureties on the bond. The transcript must show the facts necessary to authorize the judgment entered against the sureties on the bond. B. & B. Co. v. Moore Bros. (Tex. Cr. App.) 16 S. W. 780; Insurance Co. v. Friedman, 74 Tex. 56, 11 S. W. 1046. The case on appeal is tried on the record, and the transcript must show the proceedings had in the trial court.

For the reasons stated, the case is reversed and remanded.