RHODES v. COATS.    (No. 967.)

(Court of Civil Appeals of Texas. El Paso. Oct. 16, 1919. On Motion to Perfect Record, Nov. 13, 1919.)

1. APPEAL AND ERROR ⬤⟲635(2)—REVERSAL FOR FAILURE OF TRANSCRIPT TO RECITE CITATION.

Where transcript on appeal from a judgment against defendant does not show that there was citation, waiver, or entry of appearance, a judgment by default must be reversed, though it recites that due service was had.

### On Motion to Perfect Record.

2. APPEAL AND ERROR ⬤⟲660(2)—TIME FOR MOTION TO PERFECT RECORD.

Under rules 8 and 11 of the Court of Civil Appeals (142 S. W. xi), a motion by appellee for certiorari to perfect record, made more than a year after filing of the transcript, was too late.

3. APPEAL AND ERROR ⬤⟲660(2) — TIME FOR MOTION TO PERFECT RECORD.

In a proper case motion by appellee for certiorari to perfect record, made more than 30 days after the filing of the transcript, may be entertained, notwithstanding the Court of Civil Appeals Rules 8 and 11 (142 S. W. xi), but it will not be done where fundamental error is presented in the brief of appellant.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Action by George W. P. Coats against T. R. Rhodes. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Stinson, Chambers & Brooks, of Abilene, for appellant.

Dallas Scarborough, of Abilene, for appellee.

HIGGINS, J. Rhodes appeals from a judgment against him for sums aggregating $2,-152.92, with interest and foreclosure of lien. The judgment was by default, though due service is recited in the judgment. There is no citation, waiver, or entry of appearance shown by the transcript. This condition of the record necessitates reversal. Palomas L. & C. Co. v. Good, 184 S. W. 805, and cases there cited.

Reversed and remanded.

### On Motion to Perfect Record.

[1-3] Subsequent to the rendition of the opinion in this case, appellee has filed motion for certiorari to perfect the record so as to show due issuance and service of citation. The transcript has been on file in the appellate court since June 8, 1918. The motion comes too late. Court of Civil Appeals rules 11 and 8 (142 S. W. xi). In a proper case motions of this nature, made more than 30 days after the filing of the transcript, may be entertained, but it would be useless to do so in this case, for the reason that "Fundamental Error No. One," presented in appellant's brief, which shows that judgment was rendered for more than was sued for, would necessitate a reversal. Therefore no purpose would be served by permitting the perfection of the record so as to cure the error pointed out in the original opinion. The motion is overruled.

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes