**ACREE v. STATE et al.**

No. 1165.

Court of Civil Appeals of Texas. Waco.
March 17, 1932.

Rehearing Denied April 7, 1932.

H. S. Beard and Sleeper, Boynton & Kendall, all of Waco, for appellant.

Willard McLaughlin and Sam Dardnne, both of Waco, for appellees.

GALLAGHER, C. J.

The commissioners' court of McLennan county, acting in the name of the state of Texas and in its behalf, presented to the judge of the county court at law, McLennan county, a petition for the condemnation for

highway purposes of certain land owned by appellant, Fred Acree. The land sought to be condemned was described therein by metes and bounds. The Federal Land Bank of Houston, a private corporation, and N. M. Gay were each alleged to hold a lien on said property. Commissioners were duly appointed to assess the value of the land sought to be taken and the damages, if any, resulting from such taking. Said commissioners qualified by taking the oath required by law. After due notice to both owner and lienholders, they held a hearing and made an award, assessing the value of the land taken at $2,049.25 and the damage resulting to the remainder of the tract not taken at $900. Said award was to appellant, Gay, and the Federal Land Bank jointly, and contained no provision for the distribution of the sums so awarded. The same was duly filed in said county court at law. Appellant, Fred Acree, being dissatisfied with the award of the commissioners, promptly filed objections thereto. Neither of said lienholders filed any objection to such award. No citation on the objections of appellant so filed was issued or served on either of said lienholders. Neither of them appeared or participated in the trial of this cause, but said Gay was called as a witness by appellant and testified in his behalf at such trial.

The jury, in response to special issues, found that the value of the 11.71 acres of land taken was $125 per acre, and that the remainder of the tract was not damaged by such taking. The court entered judgment on the verdict in favor of appellant, Gay, and the Federal Land Bank jointly for the sum of $1,463.75, and against them in favor of the state of Texas for the land taken, describing the same by metes and bounds. Said judgment, like the award of the commissioners, was a joint one and contained no provision for the disposition of the amount so recovered. Appellant filed a motion for new trial, which was overruled, and he thereupon perfected an appeal to this court.

Said Gay thereafter, within the time allowed by law, filed his petition and bond for writ of error, secured service on such petition, took out a transcript and filed the same in this court as a separate appeal. Thereafter this court, at the instance of the parties, entered an order consolidating said appeals.

### Opinion.

Appellant in this court for the first time assails the jurisdiction of the county court at law of McLennan county over proceedings by said county, in the name of the state and in its behalf, for the condemnation of land for highway purposes. The county court at law of McLennan county was created by an act of the Fortieth Legislature at its Regular Session in 1927 which act constitutes chapter 78 of the general laws of said session and appears on page 118 thereof (Vernon's Ann. Civ. St. art. 1970—298). Section 2 of said act (Vernon's Ann. Civ. St. art. 1970—298, § 2) confers certain jurisdiction on said court, and specially provides that such jurisdiction shall extend to all matters of eminent domain of which jurisdiction had been theretofore vested in the county court or in the county judge, but expressly declares that such provision shall not affect the jurisdiction of the commissioners' court, or of the county judge of McLennan county, as the presiding officer of such court, as to roads, bridges, and public highways and matters of eminent domain then within the jurisdiction of the commissioners' court, or the judge thereof. Appellant contends that jurisdiction of condemnation proceedings brought by commissioners' courts to condemn right of way and material for state highways was not vested in the county court or the judge thereof at the time of the passage of the act creating said county court at law. At that time jurisdiction was expressly conferred upon the state highway commission to acquire such right of way and material for highway purposes by purchase, and, in event of a failure to agree upon terms of the purchase, the Attorney General was authorized at the request of the highway commission to proceed to condemn the same for and on behalf of the state. Section 14, chapter 186, General Laws Regular Session 39th Legislature (1925), p. 456 (Vernon's Ann. Civ. St. art. 6674n). Jurisdiction of such proceedings at and before the passage of the act creating the county court at law of McLennan county was vested in the regular county court of said county. Watt v. State (Tex. Civ. App.) 33 S.W.(2d) 744, 746, par. 2. Such jurisdiction was not included in the power of eminent domain then vested in the commissioners' court of said county by the terms of chapter 2, title 116 of the Revised Statutes (article 6702 et seq.). We do not think that the fact that authority to condemn right of way and material for state highways was, by an amendment of said section 14 (General Laws, 5th Called Session, 41st Legislature (1930) p. 243, c. 79, § 1 [Vernon's Ann. Civ. St. art. 6674n]), expressly extended to the commissioners' courts, affects the situation. Commissioners' courts in such cases are merely acting for and on behalf of the state, and the title acquired is by the terms of the amendment vested in the state. Said section 2 of the act (Vernon's Ann. Civ. St. art. 1970—298, § 2), creating such county court at law of McLennan county must, of course, be read in connection with section 3 of said act. Said latter section, as amended by the General Laws, First Called Session 40th Legislature, p. 225, c. 82, § 1 (Vernon's Ann. Civ. St. art. 1970—298, § 3), defines the jurisdiction of the county court of said county. No reference to eminent domain is included in the jurisdiction so defined. Said section 3, as

amended, after reciting the matters over which said county court is authorized to continue to exercise jurisdiction, expressly declares that such court "shall have no other jurisdiction, civil or criminal." The county court at law of McLennan county had jurisdiction of this proceeding to the exclusion of the county court of said county.

 Appellant and plaintiff in error Gay both assign as error the action of the court in proceeding to hear and determine the issues arising on the objections of appellant to the award of the commissioners, without service of citation on said Gay and the Federal Land Bank. As hereinbefore stated, the commissioners awarded to appellant, Gay, and said bank gross compensation for the land taken and for damages to the remainder of the tract in the sum of $2,949.25. Appellant, Acree, alone filed objections to said award. No citation on such objections was issued and served on either Gay or the bank. Neither of them entered an appearance in the trial of the case. The court, nevertheless, proceeded to trial on the issues raised by the pleadings of the state and appellant, and, in accordance with the findings of the jury thereon, entered judgment reducing the total compensation awarded to the sum of $1,473.65. Subdivision 6 of article 3266, Revised Statutes, provides, in substance, that, if either party shall be dissatisfied with the decision or award of the commissioners, he may file objections thereto, "and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court." The service of such citation, unless service thereof be waived, is absolutely necessary to enable the court to hear and determine the cause. Fitzgerald v. City of Dallas (Tex. Civ. App.) 34 S.W.(2d) 682, 683, par. 1 (writ refused); 16 Tex. Jur., p. 804, § 170. Were plaintiff in error, Gay, and the Federal Land Bank adverse parties within the meaning of said subdivision of said article? Had no objections been filed to the award of the commissioners, judgment would have been entered by the court in accordance with the terms thereof. Both said lienholders would have been by said judgment precluded from resorting to any part of the land taken for the satisfaction of their respective debts, but they would have been entitled to have the full sum of $2,949.25 awarded as compensation applied in satisfaction of such debts according to the priority thereof, to the exclusion of appellant. By the terms of the judgment rendered they are likewise precluded from resorting to any part of the land taken for the satisfaction of their respective debts, but the compensation awarded for such taking is by the terms of such judgment reduced to $1,473.65, less than 50 per cent. of the amount awarded by the commissioners. Such reduction in the amount to be applied in satisfaction of their respective debts necessarily affects them adversely. They were adverse parties and should have been served with citation. Walter Box Co. v. Blackburn (Tex. Civ. App.) 157 S. W. 220, 222, 223, pars. 7 and 8, and authorities there cited; Kosminsky v. Hamburger, 20 Tex. Civ. App. 291, 48 S. W. 1107; Millikin v. Houghton, 75 Cal. 539, 17 P. 641, 642; Butte County v. Boydstun, 68 Cal. 189, 8 P. 835; United States v. Crooks, 116 Cal. 43, 47 P. 870, 871; Moody v. Miller, 24 Or. 179, 33 P. 402; Barton v. Young, 78 Or. 215, 152 P. 876, 877. The issuance and service of citation in such cases are official functions. Procuring such issuance and service was not a condition precedent to be complied with by appellant in order to remove the controversy to the county court for adjudication. That effect followed from his action in filing objections to the report or award of the commissioners, and appellee's petition for condemnation was thereby converted into a cause of action to "be tried and determined as in other civil causes in the county court," with appellee as plaintiff and appellant and said lienholders as defendants. Fitzgerald v. City of Dallas, supra. The court could not properly proceed to a trial of such cause and a revision of the award of the commissioners until such service had been had or had been waived by appearance or otherwise. Such service could not be shown by a mere recital to that effect in the judgment. Burditt v. Howth, 45 Tex. 466, 470, 471; Mayhew & Co. v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957, 958. Appellee contends that plaintiff in error, Gay, appeared and participated in the trial of the cause. This contention is based on the fact that he was called by appellant as a witness and testified in the trial. This did not constitute such an appearance and participation in the trial as to waive his right to be cited before the court could revise the award of the commissioners to his prejudice. A writ of error to examine the sufficiency of the record to sustain the judgment rendered by the court is a proceeding at law, and, within the limitations of the statute, a matter of right. The equitable rule that a party seeking to avoid a judgment by subsequent action must show that he did not know of the trial or judgment, nor have an opportunity to move for a new trial before the end of the term, has no application in proceedings by writ of error. The transcript failing to show an appearance by Gay and the Federal Land Bank in the trial of the cause, a revision of the award of the commissioners to their prejudice was unauthorized. Plaintiff in error, Gay, being entitled to urge the absence of service upon him as a ground for reversing the judgment in this case, it is immaterial whether appellant is in position to urge such complaint or not.

 Appellant presents an assignment in which he complains of improper argument by counsel for appellee and of the refusal of

the court to permit him to introduce testimony rebutting the charge made therein. The testimony shows that the right of way condemned in this proceeding runs diagonally through appellant's tract of land, and that said tract is bounded on one side by Dutton street. Counsel, in the closing argument, stated to the jury that appellant Acree had refused to settle with appellee in connection with the widening of Dutton street and would be right back in court again trying to get $600 an acre for his land. Appellant's counsel objected to such statement because it was unsupported by any evidence and was highly prejudicial. He further requested that he be permitted to refute the same. Counsel for appellee then withdrew said statement and asked the jury not to consider the same. 'The court admonished the jury not to consider said statement for any purpose, but refused appellant's request to be allowed to refute the purported fact stated therein. There is no contention that such statement was supported by any testimony in the case. Such argument injected into the case a wholly irrelevant and prejudicial statement of fact, which statement remained wholly uncontradicted. The effect of the argument was to charge appellant with a covetous desire to obtain exorbitant compensation for the taking of his land. Such charge was reasonably calculated to prejudice him in the eyes of the jury as a litigant, as well as to discredit his testimony as a material witness in his own behalf. The argument complained of by appellant was improper and must work a reversal of the judgment if, under all the circumstances, there is any reasonable doubt of the harmful effect thereof. Whether there is such doubt is a question of law and not of fact. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, 766 et seq. The rule so stated was quoted and expressly approved in the case of Hubb Diggs Company v. Bell, 116 Tex. 427, 293 S. W. 808, 809, 810. When improper argument has been made, but such argument is withdrawn and the court instructs the jury not to consider the same, these facts must be taken into consideration in determining whether there is reasonable doubt of the harmful effect thereof. If such reasonable doubt remains, notwithstanding such withdrawal and admonition from the court, the judgment should be reversed. Davis v. Hill (Tex. Com. App.) 298 S. W. 526, 528, par. 5; Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 24 S.W.(2d) 363; Thompson Drug Co. v. Latham (Tex. Civ. App.) 19 S.W.(2d) 825; Kirby Lumber Co. v. Youngblood (Tex. Civ. App.) 192 S. W. 1106, 1109, pars. 6 and 7; City of Austin v. Gress (Tex. Civ. App.) 156 S. W. 535, 536; D. & H. Truck Line v. Lavallee (Tex. Civ. App.) 7 S.W.(2d) 661, 663 et seq., and authorities there cited; Carter v. Walker (Tex. Civ. App.) 165 S. W. 483, 484, pars. 5 and 6; Trueheart v. Parker (Tex. Civ. App.) 257 S. W. 640, 642, par. 6; Levinski v. Cooper (Tex. Civ. App.) 142 S. W. 959, 961, par. 2; Western Union Tel. Co. v. Burgess (Tex. Civ. App.) 60 S. W. 1023, 1025; Hunstock v. Roberts (Tex. Civ. App.) 65 S. W. 675, 677; Houston, E. & W. T. Ry. Co. v. McCarty, 40 Tex. Civ. App. 364, 89 S. W. 805, 807; Texas & P. Ry. Co. v. Rasmussen (Tex. Civ. App.) 181 S. W. 212, 217. We have in this case, as suggested by some of the foregoing authorities, reviewed the testimony introduced in connection with the findings of the jury thereon. We have reached the conclusion that, under all the circumstances, there is a reasonable doubt whether such argument was without effect on the verdict rendered. We refrain from discussion of this phase of the case in view of another trial.

The other matters complained of by appellant will probably not arise in the same way, if at all, at a subsequent trial.

The judgment is reversed, and the cause remanded as to all parties.

ALEXANDER, J., took no part in the consideration and disposition of this case.