**PETERSON & TVRDIK v. MUELLER–HUBER GRAIN CO.**

No. 2345.

Court of Civil Appeals of Texas. Beaumont. March 23, 1933.

Rehearing Denied March 29, 1933.

Gaines, Gaines & Roberts, of San Antonio, and S. C. Cappel, of El Campo, for appellants.

Douglas & Black and E. B. Craig, all of San Antonio, for appellee.

WALKER, Chief Justice.

This suit was filed in county court at law No. 1 of Bexar county on April 7, 1931, and was an action by appellees, Mueller-Huber Grain Company, a copartnership, against appellants, Peterson & Tvrdik, a copartnership, who, on the allegations of the petition, had their residence and place of business in Wharton county, to recover against them the sum of $915 as damages for breach of contract to deliver a certain shipment of hay. The appearance day for this case was May 4, 1931. No answer was filed by appellants, nor did they in any other way make their appearance herein. On May 6, 1931, appellees recovered judgment by default against appellants for the sum of $915 principal, and $32.-02 interest, which contained the following recitations of fact: "On this, the 6th day of May, 1931, came on to be heard the above-styled and numbered cause, wherein Henry Mueller and F. W. Huber, composing the partnership of Mueller-Huber Grain Company, are plaintiffs, and A. W. Peterson and Frank J. Tvrdik, composing the partnership of Peterson & Tvrdik, are defendants, and came plaintiffs by their attorney and announced ready for trial, and said defendants, though both were duly served with process, appeared not and answered not, but wholly made default."

On the 30th day of June, A. D. 1931, appellants filed their motion for new trial, alleging that on the 24th day of April, 1931, they employed an attorney to file for them a plea of privilege in this case; that the plea was duly prepared and executed by them, but was not filed "through an oversight" on the part of the attorney. This was the only excuse alleged for the failure of the attorney or appellants to file their plea of privilege. It was further alleged that the "oversight" was not discovered until the 19th of June, 1931; that appellants had a meritorious defense (contract pleaded by appellees was not made by appellants), and the other essential allegations were alleged in the motion. The motion was overruled on the 2d day of July, and that term of court adjourned on the 3d day of July, 1931.

## Opinion.

Under article 2278, R. S. 1925, unless the pleadings or the judgment show an appearance of defendant, in person or by attorney, the citation and the return thereon must be copied into the transcript, and these primary essentials cannot be supplied by the fact recital in the judgment that the defendant

was duly served with citation. Where the record fails affirmatively to show jurisdiction of the person of the defendant, a judgment by default, on direct appeal, is fundamentally erroneous. In this case the transcript does not contain the citation referred to by the court in its judgment, nor the return on the citation; nor is there in the record an agreement by the parties to omit the citation and its return from the transcript; nor does the record otherwise show service of citation upon appellants in time to confer jurisdiction upon the court to render this judgment; nor does the record show their appearance in the trial court nor waiver by them of citation. On this statement of the facts it follows that the judgment of the lower court must be reversed, and the cause remanded for a new trial. Gilles v. Miners' Bank of Cartersville (Tex. Civ. App.) 184 S. W. 284; McMickle v. Texarkana National Bank, 4 Tex. Civ. App. 210, 23 S. W. 428; Steger v. May (Tex. Civ. App.) 202 S. W. 989; Rhodes v. Coats (Tex. Civ. App.) 215 S. W. 470; DeProy v. Progakis (Tex. Civ. App.) 259 S. W. 620; Bonner Oil Co. v. Gaines (Tex. Civ. App.) 179 S. W. 686; Daugherty v. Powell (Tex. Civ. App.) 139 S. W. 625; Bilby v. Rodgers, 58 Tex. Civ. App. 432, 125 S. W. 616; Mayhew & Co. v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957; Shook v. Laufer (Tex. Civ. App.) 84 S. W. 277, 278; Gulf, B. & K. C. Railroad Co. v. Eastham (Tex. Civ. App.) 54 S. W. 648; Broun v. Hayslip (Tex. Civ. App.) 283 S. W. 177, and authorities therein cited.

In what we have said we have not overlooked a statement in appellants' brief to the effect that they had been served with citation. If this statement by them should be binding upon us on the issue of service, yet they make no statement, nor does it otherwise appear in the record that they were served in time to confer jurisdiction upon the trial court to enter the default judgment against them. In Lester v. First State Bank (Tex. Civ. App.) 139 S. W. 661, it was not only held that a default judgment would be reversed on appeal where the record fails to show service of citation or an appearance by the defendant, but it was also held that the judgment would be reversed where the record, while showing service of citation, fails to show the date of such service. That appellant filed motion for new trial, excepted to the judgment, and gave notice of appeal, did not constitute an appearance or waiver of service, within the provisions of article 2278. Llano Improvement, etc. v. Watkins, 4 Tex. Civ. App. 428, 23 S. W. 612; Rhodes v. Coats (Tex. Civ. App.) 215 S. W. 470; Hable v. Owens (Tex. Civ. App.) 271 S. W. 131.

The error discussed was neither assigned nor briefed by appellants, but is reviewed by us as a proposition of fundamental error, apparent upon the face of the record, called to our attention by appellees' following proposition: "Although the citation does not appear in the record herein, the default judgment of the trial court in appellees' favor recites due service of process upon both appellants, which fact implies service at least ten days, exclusive of the day of service, prior to such appearance day, or sometime between April 7, 1931, when suit was filed, and April 23, 1931, which was the last day for service of process for such term, being ten days prior to appearance day. No complaint is made by appellants, however, of improper service."

Appellees' proposition is not sound, since the adjudicated cases clearly hold, as we have stated above, that no presumption of service arises from the mere recitation of service in a default judgment.

It follows that the judgment of the lower court should be reversed, and the cause remanded for a new trial, and it is accordingly so ordered.