## HABLE v. OWENS. (No. 1722.)

(Court of Civil Appeals of Texas. El Paso. March 19, 1925. Rehearing Denied April 16, 1925.)

**1. Appeal and error ⬅⟶493—On failure of transcript to show trial court had jurisdiction over person of defendants, default judgment will be set aside.**

On failure of record on appeal to show that trial court had jurisdiction over person of defendants, and in absence of agreement to omit copying of citation and return in transcript, default judgment will be set aside, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 2109, 2110.

**2. Appeal and error ⬅⟶493—Recital of service in judgment not sufficient to show jurisdiction.**

On appeal from refusal of motion to set aside default judgment, recital in judgment copied in transcript that defendants had been duly and legally cited held not sufficient to show jurisdiction.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by George A. Owens against E. W. Hable and others. Judgment for plaintiff,

and from refusal of motion to set aside judgment and grant new trial, defendant named appeals. Reversed and remanded.

Stinson, Coombes & Brooks, of Abilene, for appellant.

Dallas Scarborough, of Abilene, for appellee.

WALTHALL, J. This suit was brought by appellee, George A. Owens, against E. W. Hable, W. A. V. Cash, and Rupert Harkrider, alleging that theretofore appellee entered into a contract with the city of Abilene to pave Sayles boulevard, a street in said city, adjacent to certain lots described in said city, and that the city passed an ordinance fixing a lien upon said property to secure the payment of the cost of the pavement and had issued its certificate of special assessment for the improvement of the street adjacent to said property in the sum of $454.87; that said certificate was made payable in six equal installments, one due 10 days after the completion of pavement on the 23d day of March, 1923, and one due one year each thereafter for five years, the unpaid amounts bearing interest and providing for the payment of attorney fees; and further providing that a failure to pay any installment when due, all of the certificate may become due at the option of the holder; and further alleging that Cash and Harkrider conveyed said property to Hable, who had assumed to pay the amounts as they became due on the certificate. The petition alleged that by reason of the facts stated defendant owed the amount sued for and that appellee had a lien upon the property, and asked its foreclosure. The record shows the suit to have been filed April 19, 1923.

Judgment by default was entered on January 8, 1924, against all of the parties defendant; the judgment reciting that they were duly cited but made default, and that the matters of fact and law were submitted to the court without a jury, and that after hearing the evidence and argument the court was of the opinion that the plaintiff (appellee here) should recover, and so entered judgment for the amount of the certificate and the foreclosing said lien on the property.

Before the adjournment of the term of the court, Hable filed a motion to set the judgment aside and grant him a new trial, which the court overruled, and Hable excepted and gave notice of appeal.

### Opinion.

There is no statement of facts found in the record. While the judgment recites that "the defendants and each of them, though duly and legally cited in the manner and for the length of time, came not, but wholly made default, the matters of fact as well as

law were submitted to the court without a jury, who, after hearing the pleadings, evidence and the argument, is of the opinion that the plaintiff should recover," and so entered judgment in the sum of $422 in favor of appellee and against all of the defendants, and foreclosed the paving lien on the property described, the proceedings had on the trial do not otherwise show service of citation, waiver, or appearance of any of the defendants.

[1, 2] Article 2109, Vernon's Sayles' Texas Civil Statutes, prescribes that the transcript, except as provided, shall contain a full and correct copy of all the proceedings had in the case. Article 2110, Vernon's Sayles' Texas Civil Statutes, provides that, if the pleadings or judgment show an appearance of defendant, in person or by attorney, the citation and return shall not be copied into the transcript. It would seem to follow that where the judgment affirmatively shows a want of appearance, the citation and return should appear in the transcript as a jurisdictional fact, where not waived. The judgment shows the parties defendant did not appear, but the record does not show an agreement to omit the copying of the citation and return in the transcript, as may be done, with the approval of the court. In the condition of the record on appeal, as above indicated, it fails to show that the trial court had jurisdiction over the person of the defendants. Recital of service in the judgment is not sufficient to show jurisdiction. Steger v. May (Tex. Civ. App.) 202 S. W. 989; Palomas L. & C. Co. v. Good (Tex. Civ. App.) 184 S. W. 805; Bonner Oil Co. v. Gaines (Tex. Civ. App.) 179 S. W. 686; McMickle v. Texarkana Nat. Bank, 4 Tex. Civ. App. 210, 23 S. W. 428; Daugherty v. Powell (Tex. Civ. App.) 139 S. W. 625.

For reasons stated, the case must be reversed and remanded.

Reversed and remanded.